The STATE of Ohio, Appellee,

v.

MARBURY, Appellant.

[Cite as State v. Marbury, 192 Ohio App.3d 210, 2011-Ohio-879.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23823.

Decided Feb. 25, 2011.

John Danish, Dayton Law Director, Stephanie L. Cook, Chief Prosecuting Attorney, and Edward C. Utacht II, Assistant City Attorney, for appellee.

Cicero Law Office, L.L.P., and Glen Dewar, for appellant.

---

FAIN, Judge.

{¶ 1} Defendant-appellant, Juarron Marbury, appeals from his conviction and sentence for sexual imposition. He argues that his statutory right to a speedy trial was violated. We conclude that Marbury was not denied his right to a speedy trial. Therefore, the judgment of the trial court is affirmed.

I

{¶ 2} In September 2008, 20–year–old Marbury had sexual intercourse with a 14–year–old girl, S.B. As a result, Marbury was served with a summons and complaint charging him with one count of sexual imposition on October 10, 2008. On October 29, Marbury filed a motion to continue his pretrial. One month later, Marbury sought another continuance of his pretrial, which was then scheduled for December 8, 2008.

{¶ 3} At the pretrial, a date was set for a bench trial at the end of the month. On December 17, Marbury filed a demand for discovery, and he requested a jury trial, causing the scheduled trial date to be vacated.

{¶ 4} On January 14, 2009, another pretrial was held, and the following week a new trial date was set for March 26, 2009. Thereafter, the trial court, sua sponte, continued the trial for a month due to an overscheduled docket. On April 20, Marbury requested a continuance of the trial, which was then set for June 4. The trial court, sua sponte, continued that trial date for a month, again citing an overscheduled docket. On June 26, Marbury requested another continuance, and the trial was rescheduled for August 13, 2009. Ten days before trial, Marbury filed a motion to dismiss, alleging that his right to a speedy trial had been violated. The trial court, sua sponte, continued the trial to September 17, citing an overloaded docket.

{¶ 5} The trial court held a hearing on the motion to dismiss and took the matter under advisement. In the meantime, on September 21, the trial court

again continued the trial for one month, explaining its overloaded docket and its process for determining which cases to continue when more than one case is scheduled for trial on the same day.

{¶ 6} The trial court overruled Marbury's motion to dismiss on October 9, 2009, and the trial was set for the end of that month. A jury convicted Marbury, and the trial court imposed a 60–day suspended sentence and one year of probation. From his conviction and sentence, Marbury appeals.

## II

{¶ 7} Marbury's sole assignment of error is:

{¶ 8} "The trial court erred by denying defendant-appellant's motion to dismiss for violation of defendant's right to a speedy trial."

{¶ 9} Marbury argues that his statutory right to a speedy trial was violated. Specifically, he contends that when he filed a motion for a jury demand, and the court set a new trial date beyond the expiration of his speedy-trial time, the trial court was required to journalize its reasons for doing so prior to the expiration of that time, as required by *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571. For the following reasons, we conclude that Marbury was not denied his right to a speedy trial.

{¶ 10} Marbury was charged with sexual imposition, a misdemeanor of the third degree. When a person is charged with a third-degree misdemeanor, he shall be brought to trial within 45 days of either his arrest or the service of a summons. R.C. 2945.71(B)(1). However, those time limits "are flexible to a degree." *Mincy* at 7. Relevant to this case, speedy-trial time may be tolled during "[a]ny period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused," under R.C. 2945.72(E), or during "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion," under R.C. 2945.72(H).

{¶ 11} The parties agree that Marbury's speedy-trial time began to run on October 11, 2008, the day after he was served with the summons and complaint. Crim.R. 45(A). Eighteen days elapsed from this date until Marbury's October 29, 2008 filing of a motion for continuance, followed by a second motion for continuance filed a month later. As a result of Marbury's two motions, the parties agree that time was tolled until the first pretrial on December 8, 2008. They also agree that following the pretrial, nine days ran against the state prior to Marbury's filing of discovery and jury-trial demands on December 17, 2008 (for a total of 27 days). It is the period of time between the filing of these demands

and the scheduling of a new trial date for March 26, 2009, that is primarily at issue here.

{¶ 12} Citing *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, ¶ 27, Marbury concedes that his discovery demand tolls speedy-trial time. Generally, a discovery demand tolls time until the prosecution has a reasonable time within which to comply with the demand. See, e.g., *State v. Humphrey*, Clark App. No. 2002 CA 30, 2003-Ohio-3401, 2003 WL 21487780, ¶ 22. It is unclear from the record exactly when the state complied with Marbury's demand for discovery. Marbury insists that at the latest, this demand had been satisfied by the time of the jury pretrial on January 14, 2009, as evidenced by the lack of any further reference in the record to discovery issues after that date and by the setting of a trial date. The state does not contest this characterization, and on the record before us, we find it reasonable to conclude that any discovery issues had been settled by the time of the jury pretrial conference, if not before.

{¶ 13} We next consider the effect of Marbury's jury demand. We have previously noted that the timely filing of a jury demand does not automatically act as a tolling event for speedy-trial computations. *State v. Short* (June 18, 1999), Montgomery App. No. 17288, 1999 WL 397361. Marbury had the right to demand a jury, but his doing so necessarily had an impact on the date that had already been set for a bench trial, especially when his jury demand was not made until much of his speedy-trial time had already passed.

{¶ 14} Marbury equates his filing of a jury demand with a trial court's sua sponte continuance, insisting that the trial court was required under *Mincy* to journalize the reason for scheduling the new trial date outside of the speedy-trial time and that the court must do so prior to the expiration of that time. We conclude, however, that the situation in the case before us is distinguishable from the situation addressed by *Mincy*, 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571. Delay caused by Marbury's jury demand is addressed by R.C. 2945.72(E), while a trial court's sua sponte continuance is the subject of R.C. 2945.72(H). *Mincy* applies to sua sponte continuances under R.C. 2945.72(H), not to delays caused by a defendant's own motion under R.C. 2945.72(E). The distinction appears to be based upon the greater opacity of sua sponte continuances, which descend upon a defendant out of the blue. When an action taken by a defendant makes it reasonably necessary for a delay, that necessity should be apparent, although a trial court must still find the delay to have been reasonably necessary if the defendant moves to dismiss upon speedy-trial grounds.

{¶ 15} One week after the jury pretrial, the trial court issued an order scheduling Marbury's trial for March 26, 2009. The court gave no explanation at that time for scheduling a date beyond the statutory speedy-trial time. Nor have we been provided with a transcript of the January 14, 2009 pretrial. However,

the trial court explained in its ruling on Marbury's motion to dismiss that it was unreasonable for Marbury to expect a jury trial to be scheduled on such short notice (the demand was filed two weeks prior to the scheduled bench trial and the expiration of his speedy-trial time) because the clerk of courts needs more time in which to arrange for the presence of a jury. We find nothing unreasonable with this conclusion.

{¶ 16} Two additional continuances were ordered upon Marbury's own motion under R.C. 2945.72(H), and a delay was caused by his filing a motion to dismiss under R.C. 2945.72(E). Three further continuances were ordered by the trial court sua sponte under R.C. 2945.72(H). Marbury insists that the trial court's explanations of the delays are insufficient. However, on all three occasions, the trial court listed the many other cases that it had scheduled for trials on the same day and explained that it was impossible for Marbury's case to be the one to go forward on the scheduled date. We are particularly impressed with the detail offered by the trial court in its entry of September 21, 2009, in which the court not only listed all of the other scheduled cases but also set forth its method of prioritizing pending cases. We are mindful of the difficulties that trial courts experience with heavy caseloads, and we commend the trial court in this case for its thoroughness in explaining to Marbury the reasons for the trial court's sua sponte continuances.

{¶ 17} Marbury's sole assignment of error is overruled.

### III

{¶ 18} Marbury's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

Judgment affirmed.

FROELICH, J., concurs.

GRADY, P.J., concurs separately.

GRADY, Presiding Judge, concurring.

{¶ 19} R.C. 2945.72(E) tolls the statutory speedy-trial time during "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or necessitated by the accused."

{¶ 20} R.C. 2945.72(H) tolls the statutory speedy-trial time during "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

{¶ 21} Sua sponte continuances are continuances "granted other than upon the accused's own motion." R.C. 2945.72(H). To toll the speedy-trial time, the

record must reflect that the period of the continuance was reasonable. To satisfy that standard, "when *sua sponte* granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Mincy* (1982), 2 Ohio St.3d 6, 9, 2 OBR 282, 441 N.E.2d 571.

{¶ 22} The time requirement that *Mincy* imposes prevents attempts to revive the statutory speedy-trial time after it has expired. The journalization of reasons is necessary to permit the appellate court to determine whether, on the accused's claim that his statutory speedy-trial rights were violated, the period of delay resulting from the sua sponte continuance was nevertheless "reasonable." R.C. 2945.72(H). That reasonableness requirement distinguishes R.C. 2945.72(H) from R.C. 2945.72(E), which instead requires that the period of delay be "necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused."

{¶ 23} When a period of delay resulting from a continuance follows and has an apparent connection with a motion or other action of the accused, the presumption of regularity creates a corresponding presumption that the period of delay was "necessitated" for purposes of R.C. 2945.72(E). In that circumstance, the court is not required to also journalize an order making that finding. An accused who claims that his speedy-trial rights were nevertheless violated bears the burden to rebut the presumption by demonstrating that the period of delay was not necessitated by his own motion or action. It is not sufficient merely to point out that his statutory speedy-trial time otherwise expired.

{¶ 24} In the present case, it is not only presumed, but abundantly clear, that defendant-appellant's Crim.R. 23(A) motion for a jury trial, made but ten days before the scheduled trial of his misdemeanor charge to the court, necessitated the period of delay resulting from his motion, tolling his statutory speedy-trial time pursuant to R.C. 2945.72(E). Defendant-appellant does not argue that the delay was not thus necessitated.