[Cite as *State v. Ramey*, 2012-Ohio-6187.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.    2010 CA 19 |
| v. | : | T.C. NO.    09CR1051 |
| | | 09CR869 |
| KEITH RAMEY | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____28th____ day of ____December____, 2012.

. . . . . . . . . .

ANDREW R. PICEK, Atty. Reg. No. 0082121 and LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorneys, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

DAWN S. GARRETT, Atty. Reg. No. 0055565, 7865 Paragon Road, Suite 107, Centerville, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    The instant matter is presently before us on remand from the Ohio Supreme

Court after the issuance of its decision in *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, reversing our prior decision in *State v. Ramey*, 2d Dist. Clark No. 2010 CA 19, 2011-Ohio-1288 (hereinafter "*Ramey I*"). On remand, the Ohio Supreme Court has directed us to determine, pursuant to R.C. 2945.72(H), whether the trial court's setting of defendant-appellant Keith Ramey's original trial date beyond the statutory time period was reasonable. *State v. Ramey*, 132 Ohio St.3d 309, at ¶ 35.

{¶ 2} We set forth the history of the case in *State v. Ramey*, 2d Dist. Clark No. 2010 CA 19, 2011-Ohio-1288, and repeat it herein in pertinent part:

On October 13, 2009, Ramey was jointly indicted with co-defendant Jonathan Keeton in Case No. 09-CR-0869 for one count of aggravated robbery (deadly weapon), one count of aggravated robbery (serious physical harm), one count of felonious assault (deadly weapon), one count of felonious assault (serious physical harm), and one count of breaking and entering. The aggravated robbery and felonious assault charges each contained a firearm specification. Subsequently, on December 21, 2009, Ramey and Keeton were indicted on an additional charge in Case No. 09-CR-1051 for having a weapon while under disability.

All of the charges against Ramey and Keeton stem from incidents which occurred on October 6, 2009, wherein the defendants were accused of breaking and entering into and stealing from "Nasty N8's" tattoo parlor located at 805 East Main Street in Springfield, Ohio. The owner of the tattoo parlor reported that tattoo equipment, ink, a laptop computer, a printer, and

cell phones were missing after the break-in.

Ramey and Keeton were also accused of beating and robbing an individual named Howard Fannon. The robbery and assault of Fannon also occurred on October 6, 2009, shortly after Ramey and Keeton were alleged to have broken into the tattoo parlor. During the assault, Ramey allegedly shocked Fannon multiple times with a taser while Keeton hit him over the head with the butt of a handgun before they stole his watch and two gold necklaces. Fannon immediately called 911 to report the robbery, and Ramey was arrested a short time later at his home located at 106 N. Greenmount Avenue in Springfield, Ohio. Keeton was arrested the next day on October 7, 2009, at his father's house also located in Springfield. During the course of their investigations, Springfield police were able to recover almost all of the items alleged to have been stolen by Ramey and Keeton.

At his arraignment on October 16, 2009, Ramey pled not guilty to the charges in the indictment. Ramey's bond was set at $50,000.00. Ramey did not post bond and, therefore, remained incarcerated pending trial. Keeton's bail was also set at $50,000.00 by the trial court, but he posted that amount on October 30, 2009, and was released from jail until the trial.

Due to a conflict of interest, Ramey's appointed counsel filed a motion to withdraw on October 16, 2009. On October 20, 2009, the trial court granted the motion to withdraw, and Ramey was appointed new counsel. The case was also reassigned to Judge Richard P. Carey of the

Clark County Court of Common Pleas, Probate Division, on November 10, 2009.

On December 10, 2009, co-defendant Keeton filed a motion to suppress physical evidence seized by police, as well as statements made by Keeton after his arrest. As previously stated, the State filed a second indictment on December 21, 2009, charging Ramey and Keeton with having a weapon while under disability. On December 29, 2009, Keeton filed a supplemental motion to suppress in which he argued that the photo lineups used by the police to identify him were inherently suggestive. A hearing was held on Keeton's motion to suppress on January 5, 2010. On January 6, 2010, the trial court issued a decision and entry overruling the motion to suppress in its entirety. The court also set a date for Ramey and Keeton's trial on February 1, 2010.

On February 1, 2010, Ramey filed a motion to dismiss for violation of his right to a speedy trial. After a brief hearing during which the court heard arguments from both parties, the court overruled Ramey's motion. The trial court also moved the trial date to February 2, 2010, explaining that the courtroom was being used by the Second District Court of Appeals for oral arguments.

After a three-day jury trial, Ramey was found guilty of two counts of aggravated robbery with firearm specifications, one count of felonious assault (deadly weapon), and one count of having a weapon while under disability.

The jury acquitted Ramey of felonious assault (serious physical harm) and breaking and entering. At the sentencing hearing on February 8, 2010, the court merged the two counts of aggravated robbery and sentenced Ramey to three years on the firearm specification, eight years for the aggravated robbery, five years for felonious assault, and one year for having a weapon while under disability. The court ordered that the three-year term for the firearm specification was to be served consecutively and prior to the other sentences, which were to be served concurrently to one another, for an aggregate prison sentence of eleven years.

{¶ 3} Ramey subsequently appealed his conviction and sentence. Pertinent to the instant remand, we found that the trial court erred when it overruled Ramey's motion to dismiss the second indictment charging him with having weapons while under disability for violation of his right to speedy trial. *State v. Ramey*, 2d Dist. Clark No. 2010 CA 19, 2011-Ohio-1288. We, however, affirmed Ramey's convictions for aggravated robbery and felonious assault as charged in the first indictment because of tolling events that occurred which served to extend the time in which to bring him to trial in a timely fashion. *Id*.

{¶ 4} Specifically, we noted that the time within which to bring Ramey to trial on all of the charges began to run on the date of his initial arrest because the weapons under disability charge contained in the second indictment arose from the same facts as the charges contained in the first indictment for aggravated robbery and felonious assault. *Id.* With respect to the charges in the first indictment, we held that the time to bring Ramey to trial was tolled when Keeton filed his first motion to suppress. *Id*. Thus, Ramey's speedy

trial rights were not violated regarding the first indictment. *Id.*

{¶ 5}    With respect to the charge in the second indictment, we found that Keeton's motion to suppress did not toll Ramey's speedy trial time because Keeton filed the motion before the second indictment was issued. *Id.*   Accordingly, we vacated Ramey's conviction for having a weapon while under disability because the State failed to bring him to trial on that charge within the statutory period. *Id.*   Because the trial court ordered that Ramey's sentence for having weapons while under disability was to be served concurrently with the charges in the first indictment, his aggregate sentence of eleven years remained unaffected by our holding. *Id.*

{¶ 6}    Ramey appealed our decision, and the Supreme Court of Ohio accepted his discretionary appeal. *State v. Ramey*, 129 Ohio St.3d 1478, 2011-Ohio-4751, 953 N.E.2d 844.   The Court framed the issue on appeal as "whether the filing of a pre-trial motion to suppress by a co-defendant automatically tolls the time within which a defendant must be brought to trial." *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937. Ultimately, the Court held that a defendant's speedy trial period is not automatically tolled by a co-defendant's filing of pre-trial motions.   The Court remanded the case to us in order to determine, pursuant to R.C. 2945.72(H), whether the trial court's decision to set the trial date beyond the statutory time period was affirmatively supported by the record and, therefore, reasonable.

{¶ 7}    On remand, Ramey asserts the following assignment of error:

"THE  TRIAL  COURT'S  RECORD  AFFIRMATIVELY  DEMONSTRATES THERE  WAS  NO  REASONABLE  NEED  TO  DELAY  TRYING  KEITH  RAMEY

WITHIN HIS STATUTORY SPEEDY TRIAL TIME; THEREFORE THE DELAY WAS NOT REASONABLE, DID NOT COMPLY WITH EITHER STATUTORY OR CONSTITUTIONAL SPEEDY TRIAL REQUIREMENTS, WAS PREJUDICIAL TO KEITH RAMEY, AND MANDATES THAT HIS CONVICTION BE REVERSED AND THAT KEITH RAMEY BE DISCHARGED AND RELEASED FORTHWITH."

{¶ 8} In his single assignment of error, Ramey contends that the record does not affirmatively demonstrate any need for the trial court to delay bringing his case to trial within the statutory speedy trial time. Accordingly, Ramey asserts that the trial court's actions in this regard were unreasonable, and his conviction and sentence for aggravated robbery and felonious assault must be reversed.

{¶ 9} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. Ohio's speedy trial statutes, R.C. 2945.71 et seq., constitute a rational effort to implement the constitutional right to a speedy trial and will be strictly enforced. *State v. Pachay,* 64 Ohio St.2d 218, 416 N.E.2d 589 (1980).

{¶ 10} R.C. 2945.71(C)(2) requires that a person against whom a charge of felony is pending be brought to trial within two hundred and seventy days after his arrest. Each day the accused is held in jail in lieu of bail on the pending charges shall be counted as three days. R.C. 2945.71(E). Pursuant to R.C. 2945.73, Defendant is entitled to a discharge if he is not brought to trial within the time required by R.C. 2945.71, subject to any extension authorized by R.C. 2945.72.

{¶ 11} Relevant to the instant appeal on remand, R.C. 2945.72(H) tolls the

statutory speedy trial time during "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than on the accused's own motion."

{¶ 12} *Sua sponte* continuances are continuances "granted other than on the accused's own motion." R.C. 2945.72(H). To toll the speedy trial time, the record must reflect that the period of the continuance was "reasonable." To satisfy that standard, "when *sua sponte* granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Mincy*, 2 Ohio St.3d 6, 9, 441 N.E.2d 571 (1982).

{¶ 13} The time requirement that *Mincy* imposes prevents attempts to revive the statutory speedy trial time after it has expired. *State v. Marbury*, 192 Ohio App.3d 210, 2011-Ohio-879, 948 N.E.2d 531, at ¶ 22 (2d Dist.) (Grady. J., concurring). The journalization of reasons is necessary to permit the appellate court to determine whether, on the accused's claim that his statutory speedy trial rights were violated, the period of delay resulting from the *sua sponte* continuance was nevertheless "reasonable." R.C. 2945.72(H). That reasonableness requirement distinguishes R.C. 2945.72(H) from R.C. 2945.72(E), which instead requires that the period of delay be "necessitated by reason of a plea in bar and abatement, motion, proceeding, or action made or necessitated by the accused." *Id*.

{¶ 14} "An accused who claims that his speedy trial rights were nevertheless violated bears the burden to rebut the presumption by demonstrating that the period of delay was not necessitated by his own motion or action. It is not sufficient merely to point out

that his statutory speedy trial time otherwise expired." *Id*. at ¶ 23.

{¶ 15}    It is undisputed that prior to the filing of Keeton's motion to suppress on December 10, 2009, sixty days had passed which were credited to Ramey for speedy trial purposes.   In *Ramey I*, we originally held that Keeton's motion to suppress tolled Ramey's speedy trial time until January 6, 2010, when the trial court issued an entry overruling said motion and sua sponte setting the trial date for February 1, 2010.  One day later, the trial court issued an entry moving the trial date to February 2, 2010, because this Court was using the courtroom for oral arguments on February 1, 2010.  We found that with the additional twenty-seven days between January 6, 2010, and February 2, 2010, only eighty-seven days had passed for speedy trial purposes.   This calculation treated Keeton's motion to suppress as an automatic tolling event against Ramey in *Ramey I*.

{¶ 16}    On appeal, however, the Supreme Court of Ohio noted that the "trial court did not comply with the *Mincy* rule because it acted upon the mistaken belief that the time for trial was automatically extended by both Keeton's filing of pre-trial motions to suppress and Ramey's counsel's acquiescence in the trial date."   *State v. Ramey*, 132 Ohio St.3d 309, 315.   When defense counsel merely acquiesces to a trial date set by the court but does not affirmatively lodge a motion for a continuance, the continuance is entered "other than upon the accused's own motion" and, under the second clause of R.C. 2945.72(H), must be reasonable. *State v. Davis*, 46 Ohio St.2d 444, 449, 349 N.E.2d 315 (1976).

{¶ 17}    Upon review, we conclude that the record does not affirmatively demonstrate that the trial court's decision to set Ramey's trial date beyond the statutory time period was reasonable.   Initially, we note that Ramey did not file any motions which tolled

his speedy trial time other than an early motion to withdraw from appointed counsel filed on October 16, 2009. The trial court granted the motion on October 20, 2009, appointed new counsel, and Ramey's speedy trial time began to run again.

{¶ 18} Moreover, the record does not support a finding that Keeton's motion to suppress acted to toll Ramey's speedy trial time because the motion did not relate to or affect Ramey in any way. In his motion to suppress, Keeton challenged the 1) photo array used to identify him; 2) statements he made upon being arrested; 3) victim's backpack, Keeton's duffle bag, and a gun found in the home of Keeton's father; and 4) observations made by Keeton's arresting officer. Clearly, Ramey had no interest in Keeton's motion to suppress. Additionally, there was no finding by the trial court nor has the State adduced any evidence which establishes that Keeton's motion to suppress "necessitated" a delay in Ramey's case. We note that no timely speedy trial date was set by journal entry. Accordingly, it was unreasonable for the trial court to have found that Keeton's motion to suppress tolled Ramey's speedy trial time. As a result, the twenty-eight days between December 10, 2009, and January 6, 2010, should have been credited to Ramey for speedy trial purposes.

{¶ 19} From January 7, 2010, through February 2, 2010, another twenty-seven days passed which counted towards Ramey's speedy trial time, for a total of 115 days, clearly in excess the statutory speedy trial limit of ninety days. By ordering the trial date to be set for February 2, 2010, the trial court set the matter well beyond Ramey's speedy trial date.

{¶ 20} It is permissible for a trial court to grant the state a continuance of a trial date beyond the statutory speedy trial time limit if the continuance is reasonable and

necessary under the circumstances. *State v. Saffell*, 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1988). In these circumstances, the concept of "reasonable" must be strictly construed against the state. *State v. Baker*, 12th Dist. Fayette No. CA2005-05-017, 2006-Ohio-2516, citing *State v. Stamps*, 127 Ohio App.3d 219, 224, 712 N.E.2d 762 (1st Dist.1998). If the continuance is not reasonable, the continuance must be charged against the state for speedy trial purposes. *Id*. "To evidence reasonableness, [a continuance] must be supported by an explanation." *Id*. "[A] trial court must journalize the continuance before the expiration of the time limit set forth in R.C. 2945.71 and *must state the reason for the continuance*." *Id*.

**{¶ 21}** As previously noted, the trial court issued an entry on January 6, 2010, overruling Keeton's motion to suppress and setting the trial date for February 1, 2010. Specifically, the entry stated that "[i]n the event that the defendants do not accept said plea offers, *Counsel have indicated their respective availability for trial to commence at 9:00 o'clock a.m. on February 1, 2010*." Additionally, at the February 1, 2010, hearing on Ramey's motion to dismiss the trial court stated as follows:

> The Court: Court heard the testimony on January 5 and then following that hearing the Court made its rulings on the motions that did not effect [sic] the status of the jury trial going forward. The State tendered the final plea offers at that time, and counsel advised the Court they would let the Court know by January 7 as to whether any pleas would go forward. And that in the event that the defendants not accept any plea offers, *that counsel had essentially agreed that the trial would commence on February 1, 2010.*
> Indeed, the Court was advised that the defendants denied the plea offers in

this case. *** Because of the motions and the agreed upon hearing dates by counsel, I don't believe your motion to dismiss has merit. *I think it's stayed as a result of the agreement by all parties to set certain dates to reconsider the status of the case; otherwise, the Court was well within its ability to set a trial date within what would have been the 90 days under* [R.C.] *2945.71. And the only reason the Court did not was at the request of counsel.* And I will deny your motion to dismiss.

{¶ 22} As previously stated, when defense counsel merely acquiesces to a trial date set by the court but does not affirmatively lodge a motion for a continuance, the continuance is entered "other than upon the accused's own motion" and, under the second clause of R.C. 2945.72(H), must be reasonable. *Davis*, 46 Ohio St.2d at 449. In its opinion, the Supreme Court of Ohio found that Ramey's counsel acquiesced in the trial date. Thus, if the trial court decided to extend the trial date beyond the statutory time limit, a determination had to be made pursuant to R.C. 2945.72(H) regarding whether the continuance was reasonable. *State v. McRae*, 55 Ohio St.2d 149, 152, 378 N.E.2d 476 (1978).

{¶ 23} Upon review, we find that the record does not support a finding that Ramey's counsel affirmatively requested that the trial date be set outside of the statutory speedy trial limit. Nor does the record establish that there was an agreement between the parties to extend the trial date beyond the statutory time limit. As the Supreme Court of Ohio found, Ramey's counsel merely acquiesced to the scheduling of the trial date as stated in the trial court's entry issued on January 6, 2010. Simply put, defense counsel's mere acquiescence to the extension of the trial date beyond the statutory time limit is insufficient

to establish that the trial court acted in a reasonable manner by ordering the continuance. Strictly construed against the State, the application of R.C. 2945.72(H) to the facts in the instant case mandates that we find that the trial court's decision to continue Ramey's trial date beyond the statutory speedy trial limit was not reasonable.

{¶ 24} Ramey's sole assignment of error is sustained. Accordingly, we find that Ramey's statutory right to speedy trial was violated, and his convictions for two counts of aggravated robbery and one count of felonious assault are hereby reversed and vacated.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Andrew R. Picek
Lisa M. Fannin
Dawn S. Garrett
Hon. Richard P. Carey