**[Cite as *State v. Allen*, 2017-Ohio-4091.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27321 |
| | : | |
| v. | : | Trial Court Case No. 2016-CRB-5439 |
| | : | |
| CARLO W. ALLEN | : | (Criminal Appeal from |
| | : | Municipal Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of June, 2017.

. . . . . . . . . . .

AMY B. MUSTO, Atty. Reg. No. 0071514, Assistant City of Dayton Prosecutor, 335 West Third Street, Room 372, Dayton, OH 45402
      Attorney for Plaintiff-Appellee

J. JOSEPH HYDE, Atty. Reg. No. 0093802, Assistant Public Defender, 117 South Main Street, Suite 400, Dayton, OH 45422
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Carlo W. Allen, appeals from his conviction on one count of disorderly conduct after being warned to desist, a misdemeanor of the fourth degree. Pursuant to R.C. 2945.71(B)(1), Allen argues that his conviction should be vacated because his right to a speedy trial was violated. We find that Allen was not denied his right to a speedy trial, and we therefore affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} A neighbor filed a criminal complaint against Allen in Dayton Municipal Court on August 11, 2016, charging him with public indecency in violation of R.C. 2907.09(A)(1) and disorderly conduct in violation of R.C. 2917.11(A)(5) and (E)(3)(a). On August 23, 2016, Allen appeared for arraignment and accepted service of summons; he pleaded not guilty to both of the charges. The court scheduled a pretrial conference for September 19, 2016.

{¶ 3} At the pretrial conference, the court set the case for a bench trial on September 29, 2016, but two days after the conference, Allen submitted a jury demand within the time allowed under Crim.R. 23(A). The following day, the court rescheduled the case to be heard on October 27, 2016, which at that point was the next available date for a jury trial.

{¶ 4} On October 17, 2016, Allen moved for dismissal, arguing that he had not been brought to trial within 45 days of service of summons as required by R.C. 2945.71(B)(1). In a decision filed on October 24, 2016, the court overruled Allen's motion, and his case proceeded to trial as scheduled. The jury found Allen not guilty on the charge of public indecency, and guilty on the charge of disorderly conduct. Allen filed

his notice of appeal on November 8, 2016.

## II. Analysis

{¶ 5} In his sole assignment of error, Allen contends that:

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S PRE-TRIAL MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS.

{¶ 6} Under R.C. 2907.09(C)(2) and 2917.11(E)(3)(a), both of the charges for which Allen was tried are fourth degree misdemeanors. R.C. 2945.71(B)(1) states that "a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial" within "forty-five days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree * * *." Here, the parties concur that Allen's speedy-trial time began to run on August 23, 2016, when he received service of summons. Appellant's Br. 5; *see* Appellee's Br. 1-2. The forty-fifth day afterward was Friday, October 7, 2016.

{¶ 7} In "an appeal raising a speedy trial issue," the standard of review "is to simply count the days as directed in R.C. 2945.71 et seq." *State v. Stevens*, 8th Dist. Cuyahoga No. 87693, 2006-Ohio-5914, ¶ 32, citing *City of Cleveland v. Seventeenth St. Ass'n*, 8th Dist. Cuyahoga No. 76106, 2000 WL 426553, *2 (Apr. 20, 2000), and *State v. Saikus*, 8th Dist. Cuyahoga No. 71981, 1998 WL 108150, *5 (Mar. 12, 1998). Once "a defendant establishes a prima facie case of a violation of his right to a speedy trial, the burden then shifts to the State to demonstrate [that] the statutory limit was not exceeded by [showing] the time was properly extended pursuant to R.C. 2945.72." *State v. Nichols*, 5th Dist. Richland No. 04 CA 56, 2005-Ohio-1771, ¶ 11, citing *State v. Butcher*, 27 Ohio St.3d 28,

30-31, 500 N.E.2d 1368 (1986). Because the right to a speedy trial is constitutionally guaranteed, "extensions * * * are to be strictly construed against the State." *Id.*, citing *State v. Singer*, 50 Ohio St.2d 103, 362 N.E.2d 1216 (1977).

{¶ 8} Under R.C. 2945.72(E), the time "within which an accused must be brought to trial" may be extended by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, [or a] motion, proceeding, or action made or instituted by the accused." Allen "recognizes that the filing of a timely jury demand falls within the category of an 'action made or instituted by the accused,' " but he maintains nonetheless that the court's delay in holding the trial in his case was not reasonably necessary. Appellant's Br. 4, fn.1. His argument is unpersuasive.

{¶ 9} On August 23, 2016, during or shortly after Allen's arraignment, the trial court scheduled his pretrial conference for September 19, 2016—27 days later. The court's reason for scheduling the pretrial conference on a date at which 60 percent of Allen's speedy-trial time had elapsed is not readily apparent from the record, although according to Crim.R. 23(A), in "petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury." When the court scheduled Allen's pretrial conference, he had not yet submitted his jury demand, and the court presumably anticipated a bench trial. A bench trial would have required less lead time to arrange than a jury trial, and the pretrial conference date left 18 days of Allen's speedy-trial time remaining.

{¶ 10} Crim.R. 23(A) also states that a jury "demand must be in writing and filed with the clerk of court not [fewer] than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later." At

Allen's pretrial conference on September 19, 2016, the court set his case for a bench trial on September 29, 2016—seven calendar-days in advance of his speedy-trial deadline.[1] He filed his jury demand two days later, on September 21, 2016, making it timely under Crim.R. 23(A). On September 22, 2016, having received the demand, the court rescheduled Allen's trial for October 27, 2016, the next available date for a trial by jury.

{¶ 11} Allen's jury demand was time-stamped at 3:24 p.m. on Wednesday, September 21, 2016, effectively five business-days (seven calendar-days) before the date set for his bench trial and 11 business-days (15 calendar-days) before the expiration of his speedy-trial time.[2] Although 11 business-days' notice might, in theory, have been sufficient to permit the scheduling of a jury trial on or before Friday, October 7, 2016, the court's calendar, as a practical matter, did not permit it. Thus, we conclude pursuant to R.C. 2945.72(E) that the trial court properly extended the time for Allen to be brought to trial.

{¶ 12} Allen chides the court for "[re]scheduling [his] jury trial outside of the parameters of R.C. 2945.71 without any explanation, journalized or otherwise, as to why such a delay was necessary," but the logistical impracticability of arranging a jury trial on 11 business-days' notice is readily apparent. Appellant's Br. 5. The court, for that matter, indicated on the record in its decision overruling Allen's motion to dismiss that at the time Allen filed his jury demand, the next available date for a jury trial was October 27, 2016. In *State v. Marbury*, 192 Ohio App.3d 210, 2011-Ohio-879, 948 N.E.2d 531,

---

[1] This count excludes the last day of speedy-trial time.

[2] The count of days between Allen's submission of a jury demand and the date set for his bench trial excludes the trial-date itself. Likewise, the count of days between Allen's submission of the demand and his speedy-trial deadline excludes the deadline-date.

¶ 15 (2d Dist.), we found a similar, after-the-fact explanation to be satisfactory in analogous circumstances.

{¶ 13} Additionally, Allen faults the trial court for failing to hold his trial on October 7, 2016—the last day of his speedy-trial time—because it "already had a jury summoned" for another trial on that date.   Appellant's Br. 6.   Though he acknowledges that the other "trial was ultimately held" on October 14, 2016, he argues that holding his trial on October 14th, instead of the other trial, would at least "have been a less egregious [speedy-trial] violation."   *Id.* at 7.   Allen cites no authority, however, in support of the proposition that the court had an obligation to prioritize his trial over a trial that had already been scheduled, and no such obligation was expressly imposed on the court under R.C. 2945.71 and Crim.R. 23.   He contends, rather, that the practical realities of managing dockets and impaneling juries "were certainly considered by the General Assembly" before it enacted R.C. 2945.71, which in his view means that "a trial court [must] do whatever is necessary to ensure [that] each defendant's constitutional rights" are upheld. Appellant's Br. 7-8.

{¶ 14} The General Assembly does indeed seem to have considered the practical constraints within which trial courts must operate—it enacted R.C. 2945.72.   By permitting the extension of speedy-trial time for "[a]ny period of delay" caused by an "action made or instituted by the accused," R.C. 2945.72(E) accounts for those cases, like Allen's, in which calendar-based realities would otherwise be irreconcilable with the requirements of R.C. 2945.71.   The assignment of error is overruled.

### III. Conclusion

{¶ 15} We find that Allen's right to a speedy trial was not violated in this case.

Therefore, we affirm the judgment of the trial court.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

DONOVAN, J., dissenting:

{¶ 16} I dissent.   Allen had both a constitutional and statutory right to speedy trial. He filed a timely jury demand, and unlike *Marbury*, did not request any continuances or a motion for discovery which would toll the speedy trial clock.   We have previously noted that the timely filing of a jury demand does not automatically act as a tolling event for speedy trial computations.   *State v. Short*, 2d Dist. Montgomery No. 17288, 1999 WL 397361 (June 18, 1999).

{¶ 17} *Marbury* is also distinguishable in that the trial court therein meticulously listed the many other cases it had set for trial, its method of scheduling and prioritizing cases, and that it was impossible for the trial to go forward on the scheduled date.   This record contains no such detail, nor a cogent rationale as to why a jury could not be convened in a timely fashion.   We should not presume a "logistical impracticability" of arranging a jury trial within 11 business days.   It smacks of an after-the-fact justification, to excuse the speedy trial rights violation.   When we accept a conclusory statement that 11 days is not sufficient time for the clerk of court to arrange for a jury, we ignore technological advances in summoning jurors and the courts' obligation to provide adequate jury settings.

{¶ 18} As a practical matter, today's ruling may result in a flurry of immediate jury demands to insure speedy trial rights are not violated in the future.

. . . . . . . . . .

Copies mailed to:

Amy B. Musto
J. Joseph Hyde
Hon. Carl Sims Henderson