[Cite as *State v. Whitfield*, 2024-Ohio-685.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29442 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 1185 |
| | : | |
| CALEB WHITFIELD | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 23, 2024

. . . . . . . . . . .

JEFFREY T. GRAMZA, Attorney for Appellant

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} This matter comes before us on Caleb Whitfield's reopened direct appeal from his conviction on charges of aggravated vehicular homicide, two counts of vehicular assault, failure to comply with the order or signal of a police officer, and resisting arrest.

{¶ 2} Whitfield contends the trial court violated his right to a speedy trial when it continued his scheduled trial date for approximately two months after allowing his

appointed counsel to withdraw and appointing new counsel. Whitfield claims his new counsel neither requested nor needed additional time to prepare.

{¶ 3} We conclude that appointed counsel's motion to withdraw and the trial court's appointment of new counsel necessitated the delay about which Whitfield complains. Under R.C. 2945.72(E) speedy-trial time was tolled for the period of delay at issue. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} Whitfield's convictions stemmed from a high-speed police chase of a stolen truck that resulted in a fatal accident. The primary issue at trial was the identity of the driver of the truck.

{¶ 5} In Whitfield's direct appeal, we summarized the evidence and history of his case as follows:

> The stolen vehicle, a black Ford truck with darkly-tinted windows, was taken from a Sunoco gas station on June 23, 2020, when the owner left the engine running while he went inside to make a purchase. Two days later, a detective saw the truck when on patrol. The detective followed it and waited for additional patrol cars to respond. At one point, officers boxed in the truck and ordered its occupants to exit the vehicle. The driver of the truck responded by backing up, hitting a police cruiser, and fleeing on North Dixie Drive. A high-speed chase ensued, reaching speeds of nearly 100 miles per hour. While attempting a turn, the truck rolled and crashed into a vacant house, coming to a stop upside down.

Officers saw Whitfield exit an open driver's side door and run from the crash site. Two other occupants of the truck, Jelani Shackelford and Joseph Hespeth, were seen crawling through the broken rear window. A fourth occupant, Rodnesha Thompson, was found hanging upside down in the passenger seat secured by a seat belt. Whitfield ignored orders to stop running and was taken into custody after a detective deployed a Taser. All four occupants of the truck were transported to the hospital. Shackelford and Hespeth were diagnosed with serious injuries, including multiple broken bones. Thompson died from her injuries while at the hospital. Whitfield, the least injured of the occupants, left the hospital of his own accord and against medical advice.

At trial, a sergeant with the Montgomery County Sheriff's office testified that he had overheard Whitfield admit to hospital staff that he had been driving the truck. Immediately after the accident, Shackelford and Hespeth were uncooperative and did not answer investigators' questions. Police subsequently lost contact with them, and they could not be located prior to Whitfield's trial. A forensic scientist with the Miami Valley Regional Crime Laboratory testified that at least three DNA profiles were found on the truck's steering wheel. Whitfield could not be excluded as the source of one of the profiles. According to the forensic scientist, one in every 415 African American individuals could be part of the profile from which Whitfield, an African American, could not be excluded.

-4-

Whitfield testified in his own defense. He stated that Hespeth had been driving the truck, Thompson was in the front passenger's seat, he was in the driver's-side rear seat, and Shackelford was in the passenger's-side rear seat. According to Whitfield, Hespeth was taking him to sell some marijuana, which he had with him in a fanny pack. Whitfield did not remember making any statements to hospital staff about being the driver of the truck.

Based on the evidence presented, a jury found Whitfield guilty of aggravated vehicular homicide, two counts of vehicular assault, failure to comply with the order or signal of a police officer, and resisting arrest. With regard to a specification accompanying the aggravated vehicular homicide and vehicular assault charges, the jury also found that Whitfield had been driving without a valid driver's license at the time of the accident.

The trial court made statutory findings for consecutive sentences and imposed an aggregate prison term of 17 to 21 years. It also imposed a lifetime driver's license suspension on the most serious charges.

*State v. Whitfield*, 2023-Ohio-240, 207 N.E.3d 42, ¶ 5-11 (2d Dist.).

{¶ 6} In resolving Whitfield's direct appeal, we overruled an assignment of error alleging a speedy-trial violation based on the trial court's sua sponte ordering a continuance due to docket congestion attributable to COVID-19. We also overruled assignments of error challenging the legal sufficiency and manifest weight of the evidence, raising evidentiary issues, and alleging cumulative error. We sustained one assignment of error, in part, finding legally insufficient evidence to support a specification

that Whitfield had been driving under a license suspension.

{¶ 7} We subsequently permitted Whitfield to reopen his direct appeal to raise a speedy-trial argument related to the trial court's ordering of a continuance to enable newly appointed counsel to familiarize himself with the case.

## II. Analysis

{¶ 8} Whitfield's sole assignment of error states:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SET A TRIAL DATE THAT VIOLATED APPELLANT'S RIGHT TO A SPEEDY TRIAL.

{¶ 9} Whitfield challenges the trial court's decision to reset his trial date from December 20, 2021, to February 22, 2022. If speedy-trial time ran during this two-month delay, then a speedy-trial violation occurred. Thus, the issue on appeal is whether speedy-trial time was tolled during this period.

{¶ 10} During an October 13, 2021 hearing, the trial court sustained a motion from Whitfield's appointed counsel seeking permission to withdraw. Immediately after orally sustaining the motion, the trial court added: "The Court is going to order a new counsel to be appointed in this matter. I am going to vacate the jury trial, because there's no way new counsel can be prepared within that period of time. We'll appoint new counsel." Transcript Volume I at 15-15. Neither Whitfield nor his outgoing attorney objected or otherwise responded to the trial court's statement about resetting the trial date.

{¶ 11} Two weeks later, the trial court held a scheduling conference with Whitfield's new counsel and the prosecutor. During that proceeding, the trial court noted

that new counsel's appointment had caused the prior trial date to be vacated. The trial court then proposed that the "first reasonable date" accommodating everyone's schedule was February 22, 2022. When asked whether he agreed, defense counsel responded: "Your honor, after our conversation, I would agree that that was the first reasonable date that the Court, the Prosecutor, and myself could be available, though I would note that Mr. Whitfield does object to that date, and just for the record, by agreeing to that we're preserving any right he has to assert his speedy trial." *Id.* at 17.

{¶ 12} The trial court then stated: "Well, I explained to Mr. Whitfield upon his request for a new attorney that the jury trial would have to be set aside. I explained that to him. And I explained to him that you needed time to get up to speed. And due to the Court's calendar, it may be several months before we would set the retrial. That was all explained to him before the Court granted the motion and appointed new counsel." *Id.* Defense counsel did not respond to this statement by the trial court. Whitfield's jury trial subsequently commenced as scheduled on February 22, 2022.

{¶ 13} Upon review, we note that the trial court orally sustained appointed counsel's motion to withdraw before informing Whitfield that it was "going to" vacate his trial date because new counsel would need time to prepare. *Id.* at 15-16. The trial court's explanation about the necessity of rescheduling his trial did occur, however, before it journalized an entry appointing new counsel. Technically, then, the trial court did explain to Whitfield the ramifications of appointed counsel's withdrawal before appointing new counsel. In any event, the trial court clearly found rescheduling Whitfield's trial to be necessitated by appointed counsel's withdrawal.

{¶ 14} For speedy-trial purposes, the issue is whether R.C. 2945.72(E) tolled speedy-trial time from December 20, 2021, to February 22, 2022. That provision tolls speedy-trial time for any period of delay "necessitated" by a defendant's motion. Although appointed counsel's motion to withdraw did not explicitly request a continuance, if the effect of the motion was to necessitate a continuance, then tolling applied. "Where a trial court must reschedule a trial because of a motion of the accused, regardless of whether it is styled as a motion for a continuance, the entire time between the motion and the rescheduled trial date is a delay attributable to a motion filed by the accused under R.C. 2945.72(E)." *State v. Smith*, 4th Dist. Lawrence No. 16CA10, 2017-Ohio-7864, ¶ 29, citing *State v. Phillips*, 4th Dist. Highland No. 09CA13, 2009-Ohio-7069, ¶ 25.

{¶ 15} "When a period of delay resulting from a continuance follows and has an apparent connection with a motion or other action of the accused, the presumption of regularity creates a corresponding presumption that the period of delay was 'necessitated' for purposes of R.C. 2945.72(E). * * * An accused who claims that his speedy-trial rights were nevertheless violated bears the burden to rebut the presumption by demonstrating that the period of delay was not necessitated by his own motion or action. It is not sufficient merely to point out that his statutory speedy-trial time otherwise expired." *State v. Marbury*, 192 Ohio App.3d 210, 2011-Ohio-879, 948 N.E.2d 531, ¶ 23 (2d Dist.) (Grady, J., concurring); *see also State v. Arledge*, 5th Dist. Fairfield No. 14 CA 14, 2014-Ohio-5054, ¶ 44 (quoting and following the concurring opinion in *Marbury)*; *State v. Vanscoy*, 9th Dist. Summit No. 26964, 2014-Ohio-3482, ¶ 17 (quoting the concurring opinion in *Marbury*).

{¶ 16} Here the two-month delay resulting from the trial court's continuance did have an apparent connection to appointed counsel's motion to withdraw. Indeed, the trial court explicitly attributed the delay to a need for new counsel to become familiar with the case. In our view, this determination by the trial court was sufficient to give rise to a presumption that appointed counsel's motion "necessitated" the delay for purposes of R.C. 2945.72(E). In reaching this conclusion, we note that the present case was relatively complex, involving a charge of aggravated vehicular homicide and several other serious felonies with multiple victims.

{¶ 17} In order to establish a speedy-trial violation, Whitfield must demonstrate from the record that appointed counsel's motion to withdraw did not necessitate the delay at issue. We conclude that he has not done so. As set forth above, after sustaining appointed counsel's motion to withdraw, the trial court opined that it would be necessary to reschedule Whitfield's trial to give new counsel time to prepare. Neither Whitfield nor his outgoing attorney objected or otherwise challenged this statement by the trial court.

{¶ 18} Thereafter, during the status conference with new counsel, the trial court proposed February 22, 2022 as the "first reasonable date" for trial that would accommodate all schedules. Defense counsel agreed with this assessment while also objecting "just for the record" to preserve any potential speedy-trial argument. Of course, Whitfield had no speedy-trial issue to preserve unless the withdrawal of his appointed counsel in fact did not necessitate changing his trial date. On that issue, the trial court proceeded to explain to new counsel that it had vacated the December 20, 2021 trial date to give new counsel necessary "time to get up to speed." Notably, in response to this

explanation, new counsel did not deny needing additional time to prepare. New counsel said nothing to controvert the trial court's determination that allowing prior counsel to withdraw had necessitated resetting the trial date. That being so, Whitfield has failed to demonstrate that the delay at issue was not necessitated by his prior counsel's motion to withdraw.

{¶ 19} In our view, the better practice would have been for the trial court to keep the December 20, 2021 trial date and allow new counsel to seek a continuance if new counsel believed he needed additional time to prepare. On the record before us, however, we have no factual basis on which to conclude that new counsel did not need additional time as the trial court found. Therefore, we cannot say the trial court erred in determining that appointed counsel's motion to withdraw necessitated the delay at issue.

### III. Conclusion

{¶ 20} Whitfield's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .


WELBAUM, J. and LEWIS, J., concur.