The STATE of Ohio, Appellee and Cross Appellant,

v.

FORD, Appellant and Cross-Appellee.

[Cite as *State v. Ford*, 180 Ohio App.3d 636, 2009-Ohio-146.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–070560 and C–070571.

Decided Jan. 16, 2009.

Joseph P. Deters, Hamilton County Prosecuting Attorney, and James Michael Keeley, Assistant Prosecuting Attorney, for appellee and cross-appellant.

Robert R. Hastings Jr., for appellant and cross-appellee.

---

MARK P. PAINTER, Judge.

{¶ 1} Clarence Ford was arrested on drug and weapons charges. Due to a variety of circumstances, his trial was delayed. The trial court dismissed the drug charges because the trial did not take place within the speedy-trial period. But the court tried Ford on the gun charge—he was found guilty and was sentenced to four years in prison. Both Ford and the state now appeal.

{¶ 2} Because the state failed to prosecute both the drug and the weapons charges within 90 days of Ford's arrest (excluding all time that was not charged against the state), all charges against Ford should have been dismissed.

## I. Timing

{¶ 3} Ford argues that the trial court erred by (1) not dismissing the gun charge on speedy-trial grounds and (2) denying Ford due process and a fair trial. The state argues in its appeal that the trial court erred by dismissing the drug charges against Ford.

{¶ 4} R.C. 2945.71 and 2945.72 govern the time in which a criminal trial must be held. Under R.C. 2945.71, because Ford was in jail while awaiting trial, the state had 90 days from his arrest to bring him to trial. But R.C. 2945.72 provides extensions to the 90–day rule for "[a]ny period of delay necessitated by * * * [a]

motion, proceeding, or action made or instituted by the accused" or by a continuance requested by the defendant.

{¶ 5} We review issues of law de novo for speedy-trial claims.[1]

## II. Timing is Everything: Drug Charges

{¶ 6} On November 30, 2006, Ford was indicted on two counts of trafficking in cocaine,[2] four counts of possession of cocaine,[3] one count of possession of heroin,[4] and one count of having a weapon under a disability.[5] He was arrested that day and was in jail or prison from then until the present. (The indictment was not filed on the drug charges until December 13. But since the date of confinement is the applicable date, we use November 30.)

{¶ 7} On January 4, 2007, Ford requested a bill of particulars and discovery from the state. The state responded 67 days later, on March 12. On March 13, Ford moved to reveal the identity of a confidential informant. The state responded on April 12. From April 25 to May 23, Ford waived time. Ford moved to reveal agreements between the state and its witnesses on June 27. The trial court dismissed the drug charges against Ford on July 11 because the state had not brought him to trial within the statutory time. The trial court correctly dismissed the drug charges.

{¶ 8} Ford's motion for discovery and a bill of particulars tolled the speedy-trial time.[6] But the state took 67 days to respond to Ford's request. The state did not articulate any reason why it had taken so long to respond to this request. Allowing the state to take unlimited amounts of time to respond to motions and discovery requests would defeat the purpose of the speedy-trial right.

{¶ 9} In State v. Palmer, the Ohio Supreme Court determined that when a defendant fails to respond to a discovery request from the state, it tolls the running of the speedy-trial time.[7] Further, a trial court should determine when a party reasonably should respond to discovery requests based on the totality of

---

1. *State v. Zaken*, 11th Dist. No. 2006–A–0036, 2007-Ohio-2306, 2007 WL 1395545, at ¶ 23; *State v. Peek*, 9th Dist. Nos. 06CA0054 and 06CA0057, 2007-Ohio-2674, 2007 WL 1583998, at ¶ 7.

2. R.C. 2925.03(A)(2).

3. R.C. 2925.11(A).

4. R.C. 2925.11(A).

5. R.C. 2923.13(A)(2).

6. *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus.

7. 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, paragraph one of the syllabus.

the circumstances.[8]  In *Palmer*, the defendant took 60 days to respond to a discovery request.  The Supreme Court determined that 30 days was reasonable.

{¶ 10} In this case, it was the state rather than the defendant that took over 30 days to provide discovery.  But the same concept applies.  There was nothing about Ford's case that necessitated a 67–day period for the state to provide discovery.

{¶ 11} Guided by the rationale in *Palmer*, we determine that 30 days would have been reasonable, absent special circumstances as determined by the record.  But even if the state had been allowed to take 60 days to respond to the discovery request in this run-of-the-mill drug case, the state still would have reached the 90–day time limit on June 25.  We affirm the trial court's dismissal of the drug charges.

### III.  Gun Charge

{¶ 12} On November 30, 2006, Ford was indicted for having a gun under a disability.[9]  He began serving time in jail that day.

{¶ 13} The state conceded during a hearing that, as of February 12, it had 55 days counted against it.  On February 12, Ford filed both a motion to suppress and a motion to sever.  Ford moved on March 16 to continue his case until April 20.  The trial court ruled on Ford's motion to suppress on April 23, but did not consider his motion to sever.  On April 25, Ford moved to continue until May 23.  On May 23, the state moved to continue until July 10.  On July 11, the court dismissed the drug charges, rendering the motion to sever moot.  The trial court continued the trial until August 6. Ford was found guilty and was sentenced to four years in prison.

{¶ 14} The only reason the trial court gave for holding that the gun charge was not out of time was that the motion to sever was still pending, so all the time from its filing was charged against Ford. Not so.  Both the gun and drug charges were out of time by at least late June.

{¶ 15} The trial court took five months to rule on Ford's motion to sever.  It was unreasonable to toll Ford's speedy-trial time for five months for this motion.  The trial court stated that the time had been tolled because Ford had failed to petition the court to rule on the motion.  But parties should not have to petition for a ruling on a motion—filing a motion suggests that a ruling is desired.  The trial court left this motion pending for far too long.  Furthermore, this was hardly the type of motion that would have necessitated a delay of five months.

---

**8.**   Id. at paragraph three of the syllabus.

**9.**   R.C. 2923.13(A)(2).

But even if the trial court had taken a reasonable amount of time to rule on the motion to sever—30 days or even 60 days—Ford would have still served well over 90 days in jail while awaiting his August 6 trial.

{¶ 16} For the foregoing reasons, we affirm the dismissal of Ford's drug-possession and trafficking charges, but we reverse his conviction on the gun charge. Because the gun charge should also have been dismissed, we discharge Ford from further prosecution for that offense.

Judgment accordingly.

SUNDERMANN, P.J. and HENDON, J., concur.