[Cite as *State v. Shaffer*, 2018-Ohio-768.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27503 |
| | : | |
| v. | : | Trial Court Case No. 16-CRB-6920 |
| | : | |
| PATRICK SHAFFER | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of March, 2018.

. . . . . . . . . . .

EBONY N. WREH, Atty. Reg. No. 0080629, City of Dayton Prosecutor's Office, 335 W. Third Street, Room 372, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellant

ANGELINA N. JACKSON, Atty. Reg. No. 0077937, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
     Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1} The State of Ohio appeals the trial court's dismissal of this case on speedy-trial grounds. We conclude that the trial court erred by finding a speedy-trial violation. So we reverse.

## I. Background

{¶ 2} On October 5, 2016, Patrick Shaffer was arrested and charged with domestic violence and assault, both first degree misdemeanors. He was held on bond, and trial was scheduled for October 20. On October 19, Shaffer filed a motion to modify his bond and a motion for continuance. The trial court sustained both motions and modified Shaffer's bond to electronic home detention and scheduled a pretrial on November 7. At the pretrial, the trial was rescheduled for November 23. On November 15, the state filed a motion to continue the trial "due to the number of witnesses and the trial date's proximity to Thanksgiving." The court granted the continuance, and the trial was rescheduled for November 30. But later the parties and the court agreed to hold a competency hearing on that day for a prospective child witness. The trial was rescheduled for January 4, 2017 at the conclusion of the competency examination. By entry filed on December 5, 2016, (Doc. #60), the trial court found the child incompetent to testify.

{¶ 3} On December 22, 2016, the state filed a notice that it intended to present statements of the child under Evid.R. 807. (Doc. #72-73). Shaffer responded on December 29, 2016 with a motion in limine to exclude the child's statements, arguing that the state's notice was deficient. (Doc. #74-77). On January 3, 2017, the day before trial, the parties discussed the matter in chambers and it was decided that the state would move for a continuance to supplement its Evid.R. 807 notice with additional information.

The following day, January 4, the state filed a motion for continuance and the parties put their arguments on the record as to the sufficiency of the 807 notice. The trial court sustained the state's motion to continue, and the parties selected February 9th as the date for an Evid.R. 807 hearing and for the new trial date. The state filed its supplemental Evid.R. 807 notice at the end of January.

{¶ 4} On February 6, Shaffer filed a motion to dismiss on speedy-trial grounds. He argued that his right to a speedy trial had been violated because the state failed to bring him to trial within the 90-day time limit under R.C. 2945.71. A dismissal hearing was held, after which the state filed a supplemental response and Shaffer filed a post-hearing brief in support of dismissal. On February 28, the court granted the motion to dismiss.

{¶ 5} The state appealed.

## II. Analysis

{¶ 6} In its sole assignment of error, the state argues that the trial court erred by sustaining Shaffer's motion to dismiss on speedy-trial grounds. The state contends that the court incorrectly found a statutory speedy-trial violation. We review a trial court's decision on a defendant's motion to dismiss based on speedy-trial grounds for abuse of discretion. *See State v. Cassell*, 2d Dist. Clark No. 09CA0064, 2011-Ohio-23, ¶ 12 ("The trial court's decision overruling Defendant's motion to dismiss based upon constitutional speedy trial grounds is reviewed under an abuse of discretion standard.").

{¶ 7} A criminal defendant's right to a speedy trial by the state is guaranteed by both the United States Constitution and the Ohio Constitution. *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 6. The time limits for bringing a defendant to trial are found in R.C. 2945.71 to 2945.73. "Speedy-trial provisions are mandatory, and,

pursuant to R.C. 2945.73(B), a person not brought to trial within the relevant time constraints 'shall be discharged,' and further criminal proceedings based on the same conduct are barred. R.C. 2945.7[3](D)." *Id.* at ¶ 7.

{¶ 8} A person charged with a first-degree misdemeanor must be brought to trial within 90 days of the arrest date. R.C. 2945.71(B)(2). "The running of the speedy-trial clock may be temporarily stopped, that is, tolled, only for reasons listed in R.C. 2945.72." *Sanchez* at ¶ 8. One of those reasons is a "reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H).

{¶ 9} When reviewing a speedy-trial issue, "a court is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits." *Sanchez* at ¶ 8. The trial court here found that from the date of Shaffer's arrest to the date that he filed the dismissal motion, 109 days were chargeable to the state:

| | |
|---|---|
| 10/5/2016 - 10/19/2016 | 42 days (triple count) |
| 10/19/2016 - 11/7/2016 | Shaffer's continuance |
| 11/8/2016 - 11/15/2016 | State's continuance |
| 11/15/2016 - 11/30/2016 | State's continuance |
| 11/30/2016 - 1/3/2017 | 35 days |
| 1/3/2017 - 2/6/2017 | 32 days |

But the state argued in its supplemental response to the hearing on the motion to dismiss that it should be charged with only 85 days:

| | |
|---|---|
| 10/5/2016 - 10/19/2016 | 42 days (triple count) |
| 10/19/2016 - 11/7/2016 | Shaffer's continuance |
| 11/7/2016 - 11/15/2016 | 8 days |
| 11/15/2016 - 11/30/2016 | State's continuance |

| 11/30/2016 - 1/3/2017 | 35 days |
| 1/3/2017 - 1/4/2017 | Shaffer's pending motion in limine |
| 1/4/2017 - 2/9/2017 | State's continuance |

{¶ 10} By our calculations, both the trial court's and the state's speedy-trial calculations are off by a day or two. (We note that in its supplemental response the state mistakenly says that the chargeable days total 84.) But all that matters for our purposes is the last time period, no matter if it is a few days longer or shorter. The last period is the key difference between the state's calculations and those of the trial court.[1] The state says that it should not be charged with 32 days in that period because it had been granted a "reasonable continuance." If the state is correct, there is no speedy-trial problem.

{¶ 11} The state filed its final motion for continuance on January 4, 2017, stating as the reason: "To supplement notice of intention under 807 because defense * * * wants additional evidence/facts re: circumstances of statements." At the hearing on the matter, the trial court stated that it was granting the continuance for the reason given in the motion. (Jan. 4, 2017 Tr. 14) (saying that it was granting the motion so that the state could "supplement the motion with * * * the circumstances of the out-of-court statement"). Indeed, the transcript of the hearing indicates that the parties and the trial court all agreed that the continuance would be granted for this reason.

{¶ 12} The trial court did not specifically make a reasonableness finding nor did the court explain, in its written decision or elsewhere, why it charged the state with the days in that final period. There was little discussion of these days at the February 8, 2017

---

[1] For his part, Shaffer disagrees with the calculations of both the trial court and the state. By his calculation, the state should be charged with 130 days.

dismissal hearing. This may be because the trial court, at that time, thought that the speedy-trial time had already expired by the time the state filed its last continuance motion. (Feb. 8, 2017 Tr. 26) ("I'm—here's where I am. I think on the January fourth, this is where I was until you objected and said it was thirty-nine. I came in here on the fourth. Time was up. January fourth the time was up."). But the entry granting the motion indicates that the court did find that the continuance was reasonable for speedy-trial purposes. The combined "MOTION and ENTRY," filed by the state and signed by the judge, states: "Time extended pursuant to O.R.C. § 2945.72(H)."

{¶ 13} "The rationale supporting speedy-trial legislation is to prevent inexcusable delays caused by indolence within the judicial system." (Citation omitted.) *Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, at ¶ 8. We can see no good reason to find that the state's last continuance was not reasonable. Accordingly we must conclude that the trial court incorrectly charged the state with 32 days during that last period. This means that when Shaffer filed his motion to dismiss, only 77 days were chargeable to the state with the trial date just three days away.[2] That means there was no violation of the 90-day speedy-trial time limit. Finally, that means the trial court erred by sustaining Shaffer's motion to dismiss.

### III. Conclusion

{¶ 14} The sole assignment of error is sustained. The trial court's judgment is reversed, and this case is remanded for further proceedings.

. . . . . . . . . . . . .

---

[2] Alternatively, we note that the defense December 29, 2016 "Motion in Limine," filed contrary to the State's Evid.R. 807 notice, had yet to be ruled upon further extending speedy trial time. *Sanchez*, at ¶ 23-27.

FROELICH, J. and TUCKER, J., concur.


Copies mailed to:

Ebony N. Wreh
Angelina N. Jackson
Hon. Mia Wortham Spells