**[Cite as *State v. Hill*, 2020-Ohio-2958.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28411 |
| | : | |
| v. | : | Trial Court Case No. 2018-TRD-9576 |
| | : | |
| RAYMONE E. HILL | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of May, 2020.

. . . . . . . . . . .

MATTHEW KORTJOHN, Atty. Reg. No. 0083743, Assistant City of Dayton Prosecuting Attorney, 335 West Third Street, Room 372, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

RAYMONE E. HILL, 1141 Tennyson Avenue, Dayton, Ohio 45406
      Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant Raymone E. Hill was convicted of driving a vehicle with expired plates after the trial court overruled his motion to dismiss for a speedy trial violation. Hill's oral motion established a prima facie case that he had not been brought to trial within the statutory speedy trial period. Thus, the trial court erred by summarily overruling Hill's motion. The judgment will be reversed and remanded for proceedings consistent with this opinion.

**Facts and Procedural History**

{¶ 2} On November 18, 2018, Hill was issued a traffic citation charging him with driving a vehicle with expired plates in violation of R.C. 4503.21, a minor misdemeanor, and driving a vehicle with license plates from another vehicle in violation of R.C. 4549.08, a fourth-degree misdemeanor. The citation included Hill's address, but it is unclear whether the address reads 1141 Tennyson Avenue, Dayton, Ohio or 1441 Tennyson Avenue, Dayton, Ohio.

{¶ 3} On November 28, 2018, as required by the citation, Hill appeared at an arraignment and pleaded not guilty. The trial court then sent Hill a notice by ordinary mail to 1441 Tennyson Avenue requiring him to appear at a pretrial conference on December 13, 2018. Hill did not appear for the conference, and, as a result, an arrest warrant was issued. For reasons that are unclear,[1] on December 20, 2018, the trial court withdrew the warrant. The record contains a notice, time-stamped on December

---

[1] Hill's brief states that upon his discovery of the arrest warrant, he "met with [a] Deputy Clerk" and, as a result, the warrant was withdrawn. The brief further asserts that another clerk acknowledged that the notice for the December 13 pretrial conference was mailed to an incorrect address. This all may be true, but these assertions are not part of the record and, as such, cannot be considered.

20, ordering Hill to attend a pretrial conference on January 8, 2019. This notice identified Hill's address as 1141 Tennyson Avenue.

{¶ 4} Hill appeared at the pretrial conference. During the conference, Hill made an oral motion to dismiss the pending charges, asserting that he had not been brought to trial within the statutory speedy trial period. Hill's motion and the trial court's decision overruling the motion are set forth as follows:

THE DEFENDANT: Ok, on the record and for the record and let the record show on this date, January 8, 2019, in the Dayton Municipal Court, I, the Defendant, Raymone Hill, I was served with a summons on November 19, 2018 pertaining to these minor misdemeanor charges that are pending for this court case. If a trial date does not materialize it will be scheduled outside the permissable [sic] time perimeters [sic] set forth in ORC 2945.71 invoking my speedy trial rights. Now comes the Defendant, Raymone Hill, without counsel, and I hereby move the Dayton Municipal Court to dismiss all charges pending on speedy trial grounds and nothing further.

THE COURT: Well you would be right except for the fact that there was a capias put out on you. When the capias was put out on you for not showing up to court that started the clock all over again.

THE DEFEANDANT: May I speak to the court?

THE COURT: Sure.

THE DEFENDANT: That capias that was put out on me it was sent to the wrong address. That address wasn't mine. I had no knowledge that the correspondence was sent to my residence or anything to that nature – so.

THE COURT: Well that was the last address we had for you. So we will get it set for trial.

THE DEFENDANT: Ok, thank you.

The trial court then set a January 15, 2019 trial date. The matter proceeded to trial at which Hill was found guilty of driving a vehicle with expired plates but not guilty of driving a vehicle with license plates from another vehicle. No fine was imposed, but Hill was assessed court costs which remain unpaid. This appeal followed.

**Analysis**

{¶ 5} R.C. 2945.71(B)(1) states that "a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial * * * [w]ithin forty-five days after the person's arrest or service of summons, if the offense charged is a misdemeanor of the third or fourth degree * * *." R.C. 2945.71(D) provides that when multiple charges arise from the same "act or transaction," the time requirement for the "highest degree of offense" is used to determine the speedy trial requirement. Thus, absent an event which extended the 45-day mandate, Hill had to be brought to trial on or before January 2, 2019.

{¶ 6} A defendant establishes a prima facie speedy trial violation when his motion reveals that a trial did not occur within the time period prescribed by R.C. 2945.71. *State v. Butcher*, 27 Ohio St.3d 28, 31, 500 N.E.2d 1368 (1986). "Once 'a defendant establishes a prima facie * * * violation of his right to a speedy trial, the burden shifts to the State to demonstrate [that] the statutory limit was not exceeded by [showing] the time was properly extended pursuant to R.C. 2945.72.' " *State v. Tope*, 2d Dist. Greene No. 2019-CA-11, 2020-Ohio-953, ¶ 28, quoting *State v. Nichols*, 5th Dist. Richland No. 04-

CA-56, 2005-Ohio-1771, ¶ 11, citing *Butcher* at 30-31.

{¶ 7} R.C. 2945.72 sets forth a number of events and circumstances which allow an extension of the applicable R.C. 2945.71 time period. This list includes "[a]ny period of delay occasioned by the neglect or improper act of the accused[.]" R.C. 2945.72(D). A defendant's at-fault failure to appear for a hearing constitutes such neglect or improper act; thus, the delay caused by an at-fault failure to appear is counted against the defendant. *State v. Clark*, 11th Dist. Ashtabula No. 2014-A-58, 2015-Ohio-1209, ¶ 30. *See also State v. Weimer*, 2d Dist. Darke No. 1586, 2002-Ohio-7099. But, assuming the defendant has provided a correct address, sending a hearing notice to an incorrect address which results in a failure to appear would not be at-fault conduct counted against the defendant.

{¶ 8} The State suggests that the time between December 13, 2018 (the date Hill failed to appear) until January 8, 2019 (the date of the pretrial conference) was appropriately counted against Hill, making the January 15, 2019 trial timely. This may be so, but the trial court, by summarily overruling Hill's motion with the comment (made without evidentiary support) that the December 13, 2018 pretrial notice was sent to "the last address we had for you[,]" acted to relieve the State from its burden to establish that the speedy trial time had been extended under R.C. 2945.72.

{¶ 9} The remedy for this misstep is to remand the case for an evidentiary hearing to determine the fault for Hill's failure to attend the December 13 pretrial conference.

**Conclusion**

{¶ 10} For the indicated reasons, the trial court's judgment is reversed and the case is remanded for proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Matthew Kortjohn
Raymone E. Hill
Hon. Daniel G. Gehres