[Cite as *State v. Knott*, 2024-Ohio-2289.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-54 |
| | : | |
| v. | : | Trial Court Case No. 21-CR-698(A) |
| | : | |
| ASIA A. KNOTT | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 7, 2024

. . . . . . . . . . .

JEFFREY R. MCQUISTON, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Appellant, Asia A. Knott, appeals from her conviction in the Clark County Court of Common Pleas after a jury found her guilty of one count of aggravated trafficking in drugs. In support of her appeal, Knott claims that the trial court erred by failing to

dismiss her aggravated trafficking charge on grounds that she was not afforded her statutory and constitutional rights to a speedy trial. For the reasons outlined below, we agree that the trial court erred by failing to dismiss Knott's aggravated trafficking charge on statutory speedy-trial grounds, and we will therefore vacate her judgment of conviction.

**Facts and Course of Proceedings**

{¶ 2} On October 25, 2021, a Clark County grand jury returned an indictment charging Knott with one first-degree-felony count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2). Following Knott's indictment, the State requested the clerk of courts to issue a warrant on indictment ordering the Clark County Sheriff to arrest Knott. Knott was thereafter arrested on November 5, 2021.

{¶ 3} On November 8, 2021, defense counsel entered a notice of appearance on Knott's behalf and filed demands for discovery and a bill of particulars. Two days later, Knott was arraigned and pled not guilty to the indicted charge. On November 12, 2021, Knott executed a $20,000 cash surety bond and was released from jail the same day. Thereafter, the trial court scheduled Knott's jury trial for March 24, 2022.

{¶ 4} On March 11, 2022, two weeks before the scheduled trial date, Knott filed a motion to continue the trial on grounds that the State had provided Knott with additional discovery that Knott needed more time to review. In the motion, Knott expressly waived her right to a speedy trial for the duration of the requested continuance. The trial court thereafter granted Knott's motion and continued trial to July 12, 2022.

{¶ 5} On July 8, 2022, four days before the scheduled trial date, the State filed a

motion to continue the trial on grounds that it needed more time to secure the attendance of an out-of-state trial witness, i.e., Deputy Wiggans of Grand County, Utah. The State also had a scheduling conflict, as it claimed the prosecutor trying Knott's case had another criminal trial scheduled for the same date and time as Knott's. *Id.* On July 15, 2022, the trial court granted the State's motion and continued the trial to September 27, 2022.

{¶ 6} The day before the scheduled trial date, Knott filed a motion in limine that sought to prevent the State from introducing and commenting on certain law enforcement records at trial. As a result of this motion, Knott's trial did not go forward as scheduled. Rather, the trial court held a hearing on Knott's motion in limine on December 12, 2022, and continued trial to February 22, 2023.

{¶ 7} During the December 12th motion hearing, the State confirmed that it was not going to present the law enforcement records that Knott had challenged in her motion in limine or any testimony regarding those records. As a result, the trial court found that Knott's motion in limine was moot. Hearing Tr. (Dec. 12, 2022), p. 6. The defense did not object to the trial court's ruling.

{¶ 8} On February 16, 2023, both parties appeared for a pretrial conference and confirmed that they were prepared to go forward with trial on February 22, 2023. Pretrial Tr. (Feb. 16, 2023), p. 4. However, on the morning of trial, the State advised the trial court that it had learned the previous day that Dep. Wiggans had a body camera video of a traffic stop involving Knott that the State wanted to present at trial. Because the body camera video was disclosed to Knott on the morning of trial, the court delayed the start of trial so that Knott could watch the video and make any necessary motions that morning.

**{¶ 9}** After watching the body camera video, Knott moved to exclude the video on grounds that it was irrelevant and prejudicial. In response, the trial court continued the trial and immediately held a hearing on the issue of whether the video should be excluded. During the hearing, the State conceded that the aggravating trafficking charge for which Knott was being tried did not stem from the traffic stop depicted in the video. Following the hearing, the trial court found that the video was irrelevant and prejudicial and thus granted Knott's motion to exclude it from trial. The trial court did not journalize this decision but simply stated it on the record during the hearing. The trial court also did not journalize its decision to continue Knott's trial. Instead, the trial court's bailiff issued a form notice indicating that Knott's trial had been rescheduled to May 23, 2023.

**{¶ 10}** Knott's trial did not go forward on May 23, 2023, as scheduled. On July 10, 2023, the trial court's bailiff issued another notice informing the parties that Knott's trial had been rescheduled to take place on August 29, 2023. The notice did not explain the reason for the continuance, and the trial court did not journalize the continuance.

**{¶ 11}** On August 28, 2023, Knott filed a motion to dismiss her aggravated trafficking charge on grounds that her statutory and constitutional rights to a speedy trial had been violated. The following day, the trial court addressed Knott's motion to dismiss on the record before proceeding with trial. In doing so, the trial court mentioned that Knott's case had been pending on the docket of two different judges, and that the case had been transferred to the current judge in January 2023. While discussing the continuances in this case, the trial court stated that the trial date of February 22, 2023, was rescheduled for a "date where all parties were in agreement[,]" which, as previously

discussed, was May 23, 2023. Trial Tr. (Aug. 29, 2023), p. 14. The trial court also explained that the May 23rd trial date was continued due to the court's unavailability, as the court indicated it was presiding over a two-week civil trial at that time. *Id.*

**{¶ 12}** After reviewing the matter, the trial court stated that "even though this case has been pending for quite some time on the docket of two separate judges, that we are still within what this Court believes is the speedy trial timelines as set forth in Ohio Revised Code Section 2945.71[.]" *Id.* at 15. In so holding, the trial court found no speedy trial violation due to various tolling events and thus denied Knott's motion to dismiss. *Id.* at 11-15.

**{¶ 13}** After Knott's motion to dismiss was denied, the matter proceeded to trial, which lasted three days. Based on the evidence presented at trial, the jury found Knott guilty of the aggravated trafficking charge for which she had been indicted. The trial court thereafter sentenced Knott to a mandatory, indefinite term of 11 to 16.5 years in prison. Knott now appeals from her conviction, raising a single assignment of error for review.

**Assignment of Error**

**{¶ 14}** Under her sole assignment of error, Knott contends that the trial court erred by failing to dismiss her aggravated trafficking charge on grounds that her statutory and constitutional rights to a speedy trial were violated. For the reasons outlined below, we agree that the trial court erred by failing to dismiss her charge on statutory speedy trial grounds.

*Standard of Review*

{¶ 15} In the past, this court has reviewed motions to dismiss based on speedy-trial violations for abuse of discretion. *See, e.g., State v. Cimpaye,* 2020-Ohio-2740, 154 N.E.3d 415, ¶ 12 (2d Dist.); *State v. Shaffer*, 2018-Ohio-768, 108 N.E.3d 154, ¶ 6 (2d Dist.); *State v. Jackson*, 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 26; *State v. Cassell*, 2d Dist. Clark No. 2009-CA-64, 2011-Ohio-23, ¶ 12. In *State v. Long*, 2d Dist. Clark No. 2017-CA-84, 2018-Ohio-5163, this court declined to adopt the more widely used mixed question of law and fact standard of review under which appellate courts defer to the trial court's factual findings if they are supported by competent, credible evidence, and then review the application of the law to those facts de novo. *Id.* at ¶ 26-27. The Supreme Court of Ohio, however, reversed this court's speedy-trial decision in *Long* and, in doing so, stated that: "Review of a speedy-trial claim involves a mixed question of law and fact. Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." (Citation omitted.) *State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163. Given the Supreme Court of Ohio's directive in *Long*, we will apply the mixed question of law and fact standard of review to Knott's speedy-trial claim as opposed to reviewing the matter for abuse of discretion.

{¶ 16} Upon review, we find that the trial court's findings of fact are, for the most part, consistent with the findings of fact recited in this opinion and are supported by competent, credible evidence in the record. We do note, however, that the trial court's

findings incorrectly describe the February 22, 2023 hearing as a suppression hearing. As previously discussed, the purpose of the February 22 hearing was to determine whether Dep. Wiggans' body camera video should be excluded from evidence on relevance and prejudice grounds, not because the video was illegally obtained in violation of Knott's constitutional rights. See *State v. French*, 72 Ohio St.3d 446, 449, 650 N.E.2d 887 (1995) (noting the distinctions between a motion to suppress and motion in limine and stating that "[a] 'motion to suppress' is defined as a '[d]evice used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation' of constitutional rights"), quoting *Black's Law Dictionary* 1014 (6th Ed.1990). In addition, the trial court's findings omitted certain facts, such as that Knott filed demands for discovery and a bill of particulars on November 8, 2021, which the State fulfilled on November 10, 2021, and September 22, 2022, respectively.

{¶ 17} Using all the aforementioned facts, we will independently apply the relevant law to determine whether Knott's speedy-trial rights were violated.

*Statutory and Constitutional Speedy-Trial Rights in General*

{¶ 18} " 'The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. * * * This same right is assured an accused party by Section 10, Article 1 of the Ohio Constitution.' " *State v. O'Brien*, 34 Ohio St.3d 7, 8, 516 N.E.2d 218 (1987), quoting *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978), citing *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The constitutional right to a speedy trial is also

statutorily enforced in Ohio by the provisions of R.C. 2945.71 et seq. *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). "Thus, for purposes of bringing an accused to trial, the statutory speedy trial provisions of R.C. 2945.71 et seq. and the constitutional guarantees found in the United States and Ohio Constitutions are coextensive." (Emphasis omitted.) *O'Brien* at 9.

{¶ 19} *"*[A]lthough the statutory and constitutional speedy trial provisions are coextensive, the constitutional guarantees may be found to be broader than speedy trial statutes in some circumstances*." Id.* The Supreme Court of Ohio has recognized that " 'there may be situations wherein the statutes do not adequately afford the protection guaranteed by the federal and state constitutions, in which case it is our duty to see that an accused receives the protection of the higher authority[.]' " *Id.,* quoting *Ladd* at 201. " '[B]ecause constitutional speedy trial guarantees may be found to be broader than speedy trial statutes,' a constitutional right to a speedy trial must be analyzed separately from a statutory speedy trial right." *State v. Frazier*, 9th Dist. Summit No. 30568, 2023-Ohio-4222, ¶ 6, quoting *State v. Williams*, 9th Dist. Medina No. 2273-M, 1994 WL 135309, *2 (Apr. 20, 1994).

*Statutory Speedy Trial Law*

{¶ 20} Pursuant to R.C. 2945.71, a person charged with a felony offense "shall be brought to trial within [270] days after the person's arrest." R.C. 2945.71(C)(2). "Each day the accused is held in jail in lieu of bail is counted as three days." *State v. Harris*, 2d Dist. Montgomery No. 29379, 2023-Ohio-648, ¶ 12, citing R.C. 2945.71(E). "A

defendant establishes a prima facie speedy trial violation when his motion [to dismiss] reveals that a trial did not occur within the time period prescribed by R.C. 2945.71." *State v. Hill*, 2d Dist. Montgomery No. 28411, 2020-Ohio-2958, ¶ 6, citing *State v. Butcher*, 27 Ohio St.3d 28, 31, 500 N.E.2d 1368 (1986). "If a defendant 'establishes a prima facie case of a violation of his right to a speedy trial, the burden then shifts to the State' to demonstrate either that the statutory limit was not exceeded, or that the State's time to bring the defendant to trial was properly extended." *State v. Wagner*, 2d Dist. Miami No. 2020-CA-6, 2021-Ohio-1671, ¶ 12, quoting *State v. Nichols*, 5th Dist. Richland No. 04CA56, 2005-Ohio-1771, ¶ 11, citing *Butcher* at 30-31. Speedy-trial time may be extended/tolled for a number of circumstances listed under R.C. 2945.72(A) through (J).

{¶ 21} Pursuant to R.C. 2945.72(E), speedy-trial time is tolled for "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E). A motion in limine filed by a defendant constitutes an event under R.C. 2945.72(E) that tolls speedy-trial time for a reasonable period to allow the state an opportunity to respond and the court an opportunity to rule on the motion. *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 26-27.

{¶ 22} A defendant's demand for discovery or a bill of particulars also constitutes a tolling event under R.C. 2945.72(E). *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus; *State v. Wilson*, 2d Dist. Clark No. 2018-CA-2, 2020-Ohio-2962, ¶ 29; *State v. Bakhshi*, 2d Dist. Montgomery No. 25585, 2014-Ohio-1268, ¶ 36. Such demands toll speedy-trial time for a reasonable period to allow the state an

opportunity to respond. *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶ 23; *State v. Marbury*, 192 Ohio App.3d 210, 2011-Ohio-879, 948 N.E.2d 531, ¶ 12 (2d Dist.). "Courts have generally interpreted 30 days to constitute a reasonable period to respond to requests for discovery or a bill of particulars." *State v. Smith*, 4th Dist. Lawrence No. 16CA10, 2017-Ohio-7864, ¶ 23, citing *State v. Shabazz*, 8th Dist. Cuyahoga No. 95021, 2011-Ohio-2260, ¶ 26, and *State v. Ford*, 180 Ohio App.3d 636, 2009-Ohio-146, 906 N.E.2d 1155, ¶ 8-11 (1st Dist.). *See also Palmer* at ¶ 7 (crediting the State with 30 days of the 60 days that had expired between the State's request for reciprocal discovery and the defendant's response). However, the Supreme Court of Ohio has explained that "[w]hat is reasonable will necessarily be a case-by-case determination and depend on the totality of the circumstances." *State v. Belville*, 171 Ohio St.3d 5, 2022-Ohio-3879, 215 N.E.3d 455, ¶ 21.

{¶ 23} Pursuant to R.C. 2945.72(H), speedy-trial time is also tolled for "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." Therefore, "[c]ontinuances that a defendant requests toll the clock under R.C. 2945.75(H)[.]" *State v. Lewis*, 2d Dist. Montgomery No. 28962, 2021-Ohio-1895, ¶ 35. However, "[w]here a continuance is not based on the defendant's request, it will extend the speedy trial time only if the continuance is reasonable and necessary under the circumstances of the case." *State v. Willis*, 6th Dist. Wood Nos. WD-15-006, WD-15-007, 2016-Ohio-616, ¶ 17, citing *State v. Saffell*, 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1988). In other words, continuances that are granted at the State's request or that are ordered sua sponte by

the trial court must be reasonable to toll speedy-trial time. *State v. King*, 70 Ohio St.3d 158, 162, 637 N.E.2d 903 (1994); *State v. Knight*, 2d Dist. Greene No. 03-CA-014, 2005-Ohio-3179, ¶ 30; *State v. Stamps*, 127 Ohio App.3d 219, 224, 712 N.E.2d 762 (1st Dist.1998). "If they are not reasonable, both types of continuances must be charged against the state for speedy-trial purposes." *Stamps* at 224.

{¶ 24} The reasonableness of a continuance must be reviewed on a case-by-case basis and is strictly construed against the State. *Saffell* at 91; *State v. Gavin*, 2d Dist. Montgomery Nos. 24284, 24285, 2011-Ohio-4665, ¶ 34; *Knight* at ¶ 30, citing *State v. Singer*, 50 Ohio St.2d 103, 109, 362 N.E.2d 1216 (1977). "The reasonableness of a continuance is determined by examining the purpose and length of the continuance." *Gavin* at ¶ 34; *Knight* at ¶ 30, citing *State v. Lee*, 48 Ohio St.2d 208, 210, 357 N.E.2d 1095 (1976). Therefore, for the continuance to toll speedy trial time, "[t]he record must reflect that the continuance was 'reasonable in both purpose and length.' " *State v. Martin*, 56 Ohio St.2d 289, 293, 384 N.E.2d 239 (1978), quoting *Lee* at 210.

{¶ 25} "Ideally, '[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial.' " *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 32, quoting *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), syllabus. " 'The journalization of reasons is necessary to permit the appellate court to determine whether, on the accused's claim that his statutory speedy trial rights were violated, the period of delay resulting from the sua sponte continuance was nevertheless

"reasonable." ' " *State v. Lovett*, 2d Dist. Montgomery No. 29240, 2022-Ohio-1693, ¶ 22, quoting *State v. Ramey*, 2012-Ohio-6187, 986 N.E.2d 462, ¶ 13 (2d Dist.), quoting R.C. 2945.72(H). That said, "an appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record." *Ramey,* 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, at ¶ 33, citing *State v. McRae*, 55 Ohio St.2d 149, 153, 378 N.E.2d 476 (1978). "The record of the trial court must in some manner affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose." *Lee* at 209; *McRae* at 153 (the existing record must affirmatively demonstrate the reasonableness of the delay).

*Statutory Speedy Trial Analysis*

{¶ 26} In this case, Knott's speedy-trial time began running on November 6, 2021, i.e., the day after Knott was arrested. Although Knott was released from jail on November 12, 2021, the triple count provision under R.C. 2945.71(E) only applies to Knott's time spent in jail on November 6th and November 7, because Knott filed demands for discovery and a bill of particulars on November 8, 2021, which tolled Knott's speedy-trial time pursuant to R.C. 2945.72(E). Therefore, only six days of speedy-trial time elapsed before the November 8th tolling event caused by Knott's demands.

{¶ 27} The State fulfilled Knott's discovery demand on November 10, 2021, but did not respond to Knott's demand for a bill of particulars until ten months later on September

22, 2022. In situations like this, the tolling period is often set for a reasonable period of 30 days. *See Palmer,* 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, at ¶ *7; Smith*, 4th Dist. Lawrence No. 16CA10, 2017-Ohio-7864, at ¶ 23. Under the circumstances of this case, we find that such a resolution is appropriate. Therefore, Knott's speedy-trial time was tolled 30 days from the date she filed her demand for a bill of particulars, i.e., 30 days from November 8, 2021.

{¶ 28} Following the 30-day tolling period, Knott's speedy-trial time started running again on December 8, 2021, and continued running for 93 days until March 11, 2022, when Knott filed a motion to continue the trial. Knott's motion to continue, which the trial court granted, tolled speedy-trial time pursuant to R.C. 2945.72(H). In the motion, Knott expressly waived her right to a speedy trial for the period of the continuance. After granting the continuance, the trial court rescheduled Knott's trial for July 12, 2022. Therefore, pursuant to R.C. 2945.72(H), Knott's continuance tolled speedy-trial time for 123 days, and by March 11, 2022, a total of 99 days of speedy-trial time had elapsed (6 days + 93 days).

{¶ 29} On July 8, 2022, just four days before the rescheduled trial date, the State filed a motion to continue trial, which the trial court granted. In granting the continuance, the trial court rescheduled Knott's trial to September 27, 2022, which resulted in a delay of 77 days. Because this continuance was requested by the State, it only tolled speedy-trial time under R.C. 2945.72(H) if it was reasonable.

{¶ 30} As previously discussed, the reasonableness of a continuance is analyzed on a case-by-case basis and is determined by examining its purpose and length. *Gavin*,

2d Dist. Montgomery Nos. 24284, 24285, 2011-Ohio-4665, at ¶ 34; *Saffell*, 35 Ohio St.3d at 91, 518 N.E.2d 934. In this case, the trial court's journal entry granting the State's request for a trial continuance did not state the reason for the continuance. The record, however, affirmatively demonstrates that the continuance was ordered so that the State could secure the appearance of an out-of-state trial witness, i.e., Dep. Wiggans. Specifically, the State explained in its motion for a continuance that it had initially decided not to call Dep. Wiggans as a trial witness, but later realized the deputy was a necessary witness to its case-in-chief as it was preparing for trial. The State claimed that it did not have enough time to make travel arrangements to get Dep. Wiggans to Ohio for trial on July 12, 2022. In addition, the State explained that the prosecutor trying Knott's case had another criminal trial scheduled at the same date and time as Knott's trial, and it noted that the other case was not likely to "plea out."

{¶ 31} In response to the State's motion, the trial court issued a judgment entry granting the requested continuance "for good cause shown." "Many courts have concluded that reasonable continuances are appropriate, and may toll the time for speedy trial, in order to accommodate the schedule of a witness or a prosecutor." *State v. Brown*, 2016-Ohio-1453, 63 N.E.3d 509, ¶ 13 (4th Dist.), citing *Saffell* and *State v. Crocker*, 2015-Ohio-2528, 38 N.E.3d 369, ¶ 58 ("[a] continuance granted on the state's motion due to the unavailability of the prosecutor can toll the speedy-trial time"). (Other citations omitted.) This court has also found that "[t]he unavailability of a witness is a reasonable basis for a continuance under R.C. 2945.72(H). *State v. Wilson*, 2d Dist. Clark No. 2018-CA-2, 2020-Ohio-2962, ¶ 37, citing *State v. Jones*, 2d Dist. Clark No.

2013-CA-118, 2014-Ohio-4605, ¶ 14, and *Saffell*. (Other citation omitted.) Accordingly, we find the purpose for the State's continuance in this case was reasonable.

{¶ 32} As for the length of the continuance, we find that 77 days was reasonable given that the record establishes that the State needed to make travel arrangements for an out-of-state witness from Utah to appear at trial. Because the purpose and length of the continuance was apparent from the record and reasonable, we find that the continuance tolled speedy-trial time under R.C. 2945.72(H). Accordingly, no speedy-trial time elapsed between July 12, 2022, and the rescheduled trial date of September 27, 2022.

{¶ 33} On September 26, 2022, the day before the rescheduled trial date, Knott filed a motion in limine, which resulted in the trial court's continuing trial and holding a motion hearing on December 12, 2022. Pursuant to R.C. 2945.72(E), Knott's motion in limine tolled speedy-trial time until the trial court could hold the December 12 hearing and rule on the motion. The record indicates that the trial court overruled Knott's motion in limine as moot the same day as the hearing; therefore, Knott's speedy-trial time started running again on December 12, 2022. Knott's trial was thereafter rescheduled for February 22, 2023; 72 days of speedy-trial time elapsed between December 12, 2022, and February 22, 2023.

{¶ 34} On February 22, 2023, the parties appeared at court for trial. That morning, however, the State advised the trial court that it had become aware of newly discovered evidence in the form of a body camera video depicting a traffic stop involving Knott. The State explained that it had learned of the video's existence after speaking

with Dep. Wiggans the previous day, and that it wanted to present the video at trial.

{¶ 35} Because the newly discovered body camera video was not disclosed to Knott until the morning of trial, the trial court allowed Knott to watch the video before moving forward with the proceedings. After watching the video, Knott moved to exclude the video on grounds that it was irrelevant and prejudicial. As a result, the trial court continued the trial and immediately held a hearing on the motion. After the hearing, the trial court found that the body camera video was irrelevant and prejudicial and granted Knott's motion to exclude it. The trial court's bailiff thereafter sent the parties a form notice indicating that trial was rescheduled for May 23, 2023. No journal entries were ever issued on these matters.

{¶ 36} The State proposes that the trial continuance to May 23 was attributable to Knott's motion to exclude the body camera video and thus should be considered a tolling event under R.C. 2945.72(E). The State claims that Knott insisted the trial court continue the trial and hold a hearing on the motion. This claim, however, is not supported by the record of the February 22 hearing. Although it is clear from the record that Knott moved to exclude the body camera video after watching it, the record establishes that Knott never requested a trial continuance or a hearing on the motion. Rather, the record indicates that the trial court sua sponte continued trial in order to hold the hearing. *See* Hearing Tr. (Feb. 22, 2023), p. 7, 11, and 13.

{¶ 37} In our view, if the State had timely discovered and disclosed the body camera video, Knott's motion to exclude the video could have been raised and argued well before the February 22 trial date. It is worth noting that as early as March 4, 2022,

the State disclosed Dep. Wiggans as a trial witness who had conducted a traffic stop of Knott.   The record also establishes that in its July 8, 2022 motion for a trial continuance, the State advised the court that Dep. Wiggans was a crucial witness to its case-in-chief. Despite having that knowledge, and despite having almost a year to communicate with Dep. Wiggans, the State did not learn about Dep. Wiggans' body camera video until the day before trial was scheduled to begin on February 22, 2023.   Under these specific circumstances, we find that it was the State's failure to timely discover and disclose the body camera video that precipitated Knott's motion and the resulting trial continuance. Therefore, we think it would be unfair to attribute the resulting continuance to Knott.

{¶ 38} In any event, "[w]hen defense counsel merely acquiesces to a trial date set by the court but does not affirmatively lodge a motion for a continuance, the continuance is entered 'other than upon the accused's own motion[.]' "   *Ramey*, 2012-Ohio-6187, 986 N.E.2d 462, at ¶ 16, quoting *State v. Davis*, 46 Ohio St.2d 444, 449, 349 N.E.2d 315 (1976).   Therefore, we find that the trial continuance from February 22, 2023, to May 23, 2023 did not qualify as a tolling event under R.C. 2945.72(E) as argued by the State. Rather, under the specific circumstances of this case, we find that the continuance was more akin to a continuance granted other than upon the accused's own motion, which is a tolling event under R.C. 2945.72(H) *if the continuance is reasonable.*

{¶ 39} When applying the previously discussed principles for determining the reasonableness of a R.C. 2945.72(H) continuance, we do not find that the trial continuance at issue was reasonable.   While the record affirmatively establishes that the continuance was for the reasonable purpose of holding a hearing on the issue of whether

to exclude Dep. Wiggans' body camera video, there is nothing in the record establishing why trial was continued for a lengthy period of 90 days.

{¶ 40} "[W]here the continuance is of such length that it is facially unreasonable and seriously open to question * * * the attendant facts and circumstances must be included in the record in sufficient detail so that the necessity and reasonableness of the continuance is demonstrable." *State v. Wentworth*, 54 Ohio St.2d 171, 175, 375 N.E.2d 424 (1978).

{¶ 41} Here, the record establishes that after Knott moved to exclude the body camera video on the day of trial, the trial court immediately held a hearing on the motion and ruled on the motion the same day. Accordingly, no significant delay was needed to hold the hearing and rule on the motion. In addition, the record establishes that, as of the February 22 hearing date, Knott's case had been pending for 474 days and neither party needed more time to prepare for trial. The record further establishes that the parties conducted a video-recorded deposition of Dep. Wiggans immediately after the February 22 hearing so that the parties could play the deposition at trial in lieu of presenting the deputy's live testimony. In doing so, the State did not have to worry about scheduling a time to fly Dep. Wiggans back to Ohio to testify. There is also nothing in the record indicating that the 90-day duration of the trial continuance was due to docket congestion or the parties' schedules.

{¶ 42} The trial court mentioned the continuance while ruling on Knott's motion to dismiss on August 29, 2023, and merely stated that the court had "picked a trial date where all parties were in agreement." Trial Tr. (Aug. 29, 2023) p. 14. This statement,

however, does not affirmatively explain why the trial was continued for 90 days. Therefore, we find that the record is devoid of any explanation for the lengthy 90-day continuance. Because there is no journal entry explaining the reason for the long duration of the continuance, and because the record does not otherwise affirmatively demonstrate why the continuance was set for 90 days, we conclude that the continuance from February 22, 2023, to May 23, 2023 was not reasonable and therefore did not toll the speedy trial time under R.C. 2945.72(H). *See State v. Stoddard*, 2020-Ohio-893, 152 N.E.3d 990, ¶ 18 (9th Dist.).

{¶ 43} As of May 23, 2023, a total of 261 days of speedy-trial time had elapsed, which was just nine days short of the 270-day statutory limit. Knott's trial, however, did not go forward on May 23 as scheduled. Two-and-a-half weeks after that date, the trial court's bailiff issued a form notice rescheduling the trial to occur 98 days later on August 29, 2023—a date which was well beyond the statutory time limit.

{¶ 44} As previously discussed, "when a trial court sua sponte continues a trial date beyond the speedy-trial period, it must issue a journal entry setting forth the continuance and the reason therefor prior to the expiration of the speedy-trial period." *State v. Belville*, 171 Ohio St.3d 5, 2022-Ohio-3879, 215 N.E.3d 455, citing *King,* 70 Ohio St.3d at 162-163, 637 N.E.2d 903. In this case, the trial court never issued a journal entry ordering the sua sponte trial continuance. The only information in the record explaining the reason for the continuance is an after-the-fact statement made by the trial court prior to trial on August 29, 2023, indicating that the court was unavailable on May 23, 2023, due to its presiding over a two-week civil trial. *See* Trial Tr. (Aug. 29, 2023),

p. 14.

{¶ 45} Upon review, we find that the trial court should have journalized and explained the reason for the sua sponte trial continuance before the expiration of the statutory time limit. *Mincy*, 2 Ohio St.3d at 6, 441 N.E.2d 571; *King* at 162-163. Because this was not done, we find that the sua sponte trial continuance was unreasonable. The record also does not affirmatively establish that the 98-day duration of the continuance was reasonable, as the court did not provide a clear explanation for why the continuance was so long. Although the trial court discussed the continuance prior to Knott's trial and indicated that counsel and/or the witnesses were unable to proceed with trial the following week, the court never affirmatively explained why the continuance ended up being 98 days. *See* Trial Tr. (Aug. 29, 2023), p. 14. Given that the case had been pending for 564 days as of May 23, 2023, and given that there is nothing in the record explaining why the continuance was 98 days long, we find that the length of the continuance was not reasonable. Consequently, the 98 days that elapsed during that continuance was not subject to being tolled under R.C. 2945.72(H).

{¶ 46} Based on the foregoing analysis, 359 speedy-trial days elapsed before Knott was brought to trial, which is 89 days over the 270-day statutory limit. This calculation is summarized in the table below:

| Dates | Events | Days Counted |
|-------|--------|--------------|
| 11/5/21 | Knott's arrest | 0 |

| | | |
|---|---|---|
| 11/6/21 - 11/7/21 | Knott in jail (triple count) | 6 |
| 11/8/21 - 12/8/21 | Knott filed demands for discovery and a bill of particulars on 11/8/21, which tolled speedy-trial time under R.C. 2945.72(E). State provided discovery packet on 11/10/21. State had a reasonable period of 30 days to respond to bill of particulars. The 30-day response period was tolled. | 0 |
| 12/8/21 - 3/11/22 | Speedy-trial time started running again on 12/8/21. Knott then filed a motion for trial continuance on 3/11/22, which was granted. | 93 |
| 3/11/22 - 7/12/22 | Knott's continuance was granted to 7/12/22, which tolled speedy trial time under R.C. 2945.72(H) for the duration of the continuance. | 0 |
| 7/8/22 - 9/27/22 | The State filed a motion to continue trial on 7/8/22 and was granted a reasonable continuance to 9/27/22. The duration of the State's continuance was tolled under R.C. 2945.72(H). | 0 |
| 9/26/22 - 12/12/22 | Knott filed a motion in limine on 9/26/22 resulting in trial being continued for the purpose of holding a hearing on the motion. The motion hearing took place on 12/12/22 and the motion was overruled as moot during the hearing. Trial was continued to 2/22/23. Speedy-trial time was tolled up to the date of the motion hearing under R.C. 2945.72(E). | 0 |
| 12/12/22 - 2/22/23 | Speedy-trial time began running after the hearing on Knott's motion in limine up until the 2/22/23 trial date. | 72 |
| 2/22/23 - 5/23/23 | The trial court continued trial on 2/22/23 in order to hold a hearing on Knott's motion to exclude body camera video, a hearing that was precipitated by the State's late disclosure of the video on the morning of trial. The trial court rescheduled trial 90 days out without journalizing the continuance or giving reasons for the lengthy delay. Unreasonable continuance, no tolling under R.C. 2945.72(H). | 90 |

| 5/23/23 - 8/29/23 | The trial court sua sponte continued trial for 98 days without filing a journal entry. The continuance fell beyond the 270-day statutory time limitation and nothing in the record affirmatively established the reason for the long 98-day duration of the continuance. Unreasonable continuance, no tolling under R.C. 2945.72(H) | 98 | |
|---|---|---|---|
| 8/29/23 | The trial court ruled on Knott's motion to dismiss and trial commenced. | 0 days | |
| 11/5/21-8/29/23 | TOTAL SPEEDY-TRIAL DAYS ELAPSED (6 + 93 + 72 + 90 + 98) | 359 s | y |

*Applicability of Recent Amendment to R.C. 2945.73*

**{¶ 47}** Effective April 4, 2023, the Ohio General Assembly amended R.C. 2945.73 in a manner that changed the procedure for handling situations where a defendant is not brought to trial within the 270-day statutory time limit. Prior to the amendment, R.C. 2945.73(B) provided that: "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." Former R.C. 2945.73(D) further provided that "such discharge is a bar to any further criminal proceedings against [the accused] based on the same conduct." Therefore, under the former version of the statute, the trial court was required to discharge the accused from criminal liability if the accused was not brought to trial within the statutory time limit, and the State was prevented from recharging the accused for the same conduct. *See State v. Woodard*, 2d Dist. Montgomery No. 29110, 2022-Ohio-3081, ¶ 24, citing *State v. Kerby*,

162 Ohio App.3d 353, 2005-Ohio-3734, 833 N.E.2d 757, ¶ 18. That is no longer the case under the newly amended version of R.C. 2945.73.

{¶ 48} As amended, Section (B) of R.C. 2945.73 now pertains solely to misdemeanor defendants, and Section (C) provides as follows:

(C)(1) A person charged with a felony, who is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code, is eligible for release from detention. The court may release the person from any detention in connection with the charges pending trial and may impose any terms or conditions on the release that the court considers appropriate.

(2) Upon motion made at or before the commencement of trial, but not sooner than fourteen days before the day the person would become eligible for release pursuant to division (C)(1) of this section, *the charges shall be dismissed with prejudice* <u>*unless the person is brought to trial on those charges within fourteen days after the motion is filed and served on the prosecuting attorney*</u>. *If no motion is filed, the charges shall be dismissed with prejudice* <u>*unless the person is brought to trial on those charges within fourteen days after it is determined by the court that the time for trial required by sections 2945.71 and 2945.72 of the Revised Code has expired*</u>. If it is determined by the court that the time for trial required by sections 2945.71 and 2945.72 of the Revised Code has expired, no additional charges arising from the same facts and circumstances as the

original charges may be added during the fourteen-day period specified under this division. The fourteen-day period specified under this division may be extended at the request of the accused or on account of the fault or misconduct of the accused.

R.C. 2945.73(C)(1)-(2).

{¶ 49} As opposed to being discharged from criminal liability, the amended version of R.C. 2945.73(C) provides that a felony defendant who is not brought to trial within the statutory time limit of "is eligible for release from detention." R.C. 2945.73(C)(1). The statute also provides that defendant must be brought to trial within 14 days after his or her motion to dismiss on speedy-trial grounds is filed and served upon the prosecutor. R.C. 2945.27(C)(2). If no motion is filed, the defendant must be brought to trial within 14 days after the trial court determines the statutory speedy-trial time limit has expired. *Id.* Only if the defendant's case is not tried within that 14-day grace period are the defendant's criminal charges to be dismissed with prejudice. *Id.* However, the 14-day grace period can be extended at the request of the accused or due to the fault or misconduct of the accused. *Id.*

{¶ 50} The foregoing amendments to R.C. 2945.73 went into effect while Knott's case was pending. " 'If a statute is amended and becomes effective while the defendant's case is pending in the trial court, then its applicability to the defendant's case is guided by R.C. 1.58.' " *State v. Degahson*, 2d Dist. Clark No. 2021-CA-35, 2022-Ohio-2972, ¶ 21, quoting *State v. Hurt*, 8th Dist. Cuyahoga No. 110732, 2022-Ohio-2039, ¶ 60. R.C. 1.58 provides, in relevant part, the following:

(A) The * * * amendment * * * of a statute does not, except as provided in division (B) of this section:

* * *

(2) Affect any * * * right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;

* * *

(4) Affect any * * * proceeding, * * * in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the * * * proceeding * * * may be instituted, continued, or enforced, * * * as if the statute had not been repealed or amended.

(B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

R.C. 1.58(A)(2), (A)(4), and (B).

{¶ 51} Under R.C. 1.58, "[w]hen a criminal statute is amended, ' "the substantive provisions of the former law apply to all pending prosecutions, but the defendants receive the benefit of a reduced 'penalty, forfeiture, or punishment' in the statute as amended[.]" ' " *State v. Parker*, 1st Dist. Hamilton No. C-210440, 2022-Ohio-3831, ¶ quoting *Hurt* at ¶ 59, quoting *State v. Solomon*, 2012-Ohio-5755, 983 N.E.2d 872, ¶ 16 (1st Dist.). *Accord State v. Terry*, 2023-Ohio-2234, 220 N.E.3d 938, ¶ 26 (9th Dist.);

*Degahson* at ¶ 22. " '[A] statute is substantive if it impairs or takes away vested rights, affects an accrued substantive right, imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction, or creates a new right.' " *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 9, quoting *Pratte v. Stewart*, 125 Ohio St.3d 473, 2010-Ohio-1860, 929 N.E.2d 415, ¶ 37. In contrast, remedial laws " 'affect[ ] only the remedy provided, and include laws that merely substitute a new or more appropriate remedy for the enforcement of an existing right.' " *Id.*, quoting *Pratte* at ¶ 37.

{¶ 52} R.C. 2945.73(C) deals with a substantive right of the accused. *See State v. Westbrook*, 47 Ohio App.2d 211, 353 N.E.2d 637 (10th Dist.1975). Specifically, the statute "create[s] * * * a right to dismissal which will bar further prosecution upon the charge." *State v. Baker*, 10th Dist. Franklin No. 96APC11-1468, 1997 WL 253834, *2 (May 15, 1995), citing *Westbrook* (finding "a right to a discharge constituting a bar to further prosecution upon the charge obviously is a substantive right"). The recent amendment to R.C. 2945.73 affects this right since the statute now provides that criminal charges shall be dismissed with prejudice only if the defendant's case is not tried within a 14-day grace period or other longer period if extended in some way by the accused.

{¶ 53} Given the substantive nature of R.C. 2945.73, R.C. 1.58 dictates that the former version of the statute applies to Knott's case. In other words, the amended version that provides a 14-day grace period for holding trial does not apply here. Rather, the former version applies, which provides for discharge of criminal liability if a defendant is not brought to trial within the 270-day time limit set forth in R.C. 2945.71.

{¶ 54} In this case, we have already determined that Knott was not brought to trial within the 270-day limit. Accordingly, the trial court should have granted Knott's motion to dismiss on statutory speedy trial grounds and should have discharged Knott from criminal liability pursuant to former R.C. 2945.73(B). Because Knott's statutory speedy trial rights were violated, it is unnecessary to rule upon the constitutional issues raised in Knott's assignment of error. *See State v. Kaser*, 5th Dist. Holmes No. CA-381, 1988 WL 38623, *5 (Apr. 19, 1988).

{¶ 55} Knott's sole assignment of error is sustained.


## Conclusion

{¶ 56} Having sustained Knott's sole assignment of error, her judgment of conviction for aggravated trafficking in drugs is vacated.

. . . . . . . . . . . .


LEWIS, J. and HUFFMAN, J., concur.